THE PEOPLE OF THE STATE OF NEW YORK ex rel. CARL SHAPIRO, Appellant, *v.* KEEPER OF THE CITY PRISON (TOMBS, NEW YORK COUNTY), Defendant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

Argued March 10, 1943; decided April 22, 1943.

394

*I. Maurice Wormser, Charles Tolleris* and *Irving R. Kass* for appellant.

*Frank S. Hogan, District Attorney (Stanley H. Fuld* and *Charles H. McHugh* of counsel), for respondent.

DESMOND, J. There are here presented questions of importance concerning the right of a citizen to bail before trial and the power of a court, on the return of a writ of habeas corpus, to review the prior denial of bail by another court of coordinate jurisdiction.

One Jacob Shapiro (brother of the relator) stands charged, by two indictments (forty seven counts), with having committed various acts of extortion, involving large sums of money. These indictments were found in 1937 and 1940 but Jacob Shapiro was not arraigned thereon until 1942. On his arraignment in the Court of General Sessions, he asked that he be released on bail but the District Attorney opposed the application and the judge thereupon held a hearing. It developed that Shapiro had, over a period of twenty-three years, been convicted of seven crimes, four times in the State courts and thrice in the courts of the United States. As to one of the latter convictions, there was a showing that in 1937, Shapiro, free on bail pending an appeal, had failed to appear after the affirmance of that conviction and had remained a fugitive from justice for about a year, on account of which default his bail had been declared forfeited. On these showings, the General Sessions Judge denied the application and refused to admit the defendant to bail. The judge made a notation on the records, pointing to Shapiro's past crimes, to his 1937 abscondence, and to the fact that he would, if convicted on the pending charges, be a " fourth felony offender," subject to a sentence of life imprisonment. This order denying bail was not appealable. (Code Crim. Pro., §§ 517, 566.)

Immediately after the denial of bail, and on December 17, 1942, Carl Shapiro, brother of Jacob, sought and obtained, from a justice of the Supreme Court, a writ of habeas corpus.

The petition on which that writ was granted asserted that the prisoner, unless released, would be unable to prepare his defense, that he had offered, and was still offering, to post a surety company bail bond in the amount of $50,000 and that the prosecutor had stated that the trial could not be held until February or March of 1943. On the return of the writ before a Special Term for motions in the Supreme Court, counsel for relator argued the unfairness of keeping the prisoner confined while awaiting trial, and the prosecutor, pointing to the prisoner's record and the enormity of his alleged crimes, urged that bail should not be allowed, or, at least, should not be fixed in any amount less than $200,000. The prosecutor argued there, as he does here, that the Supreme Court had no power to fix bail in the habeas corpus proceeding, after another court, having jurisdiction of a (felony) case, had refused to allow the release on bail. No testimony was taken at this habeas corpus hearing, the argument there being based on facts that had been presented to the judge at General Sessions, that is, the facts as to the prisoner's criminal record and the pending indictments. Special Term thereupon made its order that Jacob Shapiro should be admitted to bail upon his entering into a recognizance as provided by law in the sum of $100,000. The Special Term Justice was of the opinion that bail in such cases was a matter of right and not of discretion.

By a divided court the Appellate Division reversed that order, dismissed the writ and remanded the prisoner. The majority of that court were of the opinion that the Supreme Court had jurisdiction in a habeas corpus proceeding to inquire into the prior denial of bail by the Court of General Sessions, but that, in this instance, the latter Court had denied bail in the exercise of a sound discretion and that Special Term had erred in interfering with that discretion. The Appellate Division, citing *People ex rel. Fraser* v. *Britt* (289 N. Y. 614), ruled also against the relator's contention that the denial of all bail in a non-capital felony case is unconstitutional.

Taking up the last-mentioned question first, we held in *People ex rel. Fraser* v. *Britt* (*supra*), that the prohibition against " excessive bail " in article 1, section 5, of our State Constitution, does not make mandatory the release of a defendant on bail in all cases. By statute in this State, admission to bail before

conviction is a matter of right in misdemeanor cases and a matter of discretion in all other cases. (Code Crim. Pro., §§ 552, 553.) Most of the states have constitutional provisions making bail a matter of right in all except capital cases (see vol. 3, Amer. & Eng. Encyc. Law [2d ed.], p. 665) but in the States like New York, whose Constitutions follow the Federal model in this respect (see United States Constitution, 8th Amendt.) by prohibiting " excessive bail," such a constitutional declaration as to bail accords no accused any right to bail, but serves only to forbid excessiveness. The first and second Constitutions of New York State contained no Bill of Rights and no reference to bail; in the third (1846) Constitution there was inserted the clause protecting citizens against " excessive bail." (Lincoln's Constitutional History of New York, vol. 1, pp. 715-743, vol. 4, pp. 65-68.) Thus it has been left to the Legislature to determine in what cases bail is to be allowed as of right and in what cases the matter of grant or refusal is to be confided to the court's discretion. The result is that a statute which makes it discretionary with a court to allow or refuse bail does not in itself offend against the Constitutional ban against the requiring of excessive bail. (*People ex rel Fraser* v. *Britt, supra, Vanderford* v. *Brand,* 126 Ga. 67.) As a matter of logic it might seem that a prohibition against excessive bail should imply a right to bail in appropriate amount in all cases, but the history of the law of bail negatives such an implication. At common law the courts had discretion in all cases after indictment, to grant or deny the application, although they ordinarily did grant it in all except capital cases (1 Chitty's Criminal Law, p. 129, *People* v. *Goodwin,* 1 Wheel. Cr. Cas. 443, *Matter of Tayloe,* 5 Cowen 39.) The reference in our Constitution to " excessive bail," therefore, referred only to amount of bail. The Legislature acted within its powers in dealing as it did not with amount of bail but with the associated question of when bail is to be allowed or denied.

We are by no means holding that this grant by the Legislature to the courts of discretionary power to deny bail in felony cases, can be exercised arbitrarily. Denial of bail is no light matter, and needs to be buttressed by a real showing of reasons therefor (including such reasons as were here advanced at the Court of General Sessions). But an order

denying bail is non-appealable, (Code Crim. Pro., §§ 517, 566, *supra*) and so any attack on such a denial of bail must be by other means. The method is by resort to the prisoner's separate and different right to test, by the ancient remedy of habeas corpus, the legality of his detention. (*People ex rel. Tweed* v. *Liscomb*, 60 N. Y. 559.) "A person imprisoned or restrained in his liberty, within the state, for any cause or upon any pretence, is entitled * * * to a writ of habeas corpus" (Civ. Prac. Act, § 1230) and the high privilege of that writ "shall not be suspended." (N. Y. State Const., art. I, § 4.) Jacob Shapiro had a right to be heard in the Supreme Court on the return of his writ, and so the Special Term was not wholly without jurisdiction or power in the premises. But its inquiry was only as to the *legality* of the denial of bail, as to whether or not the denying Court has abused its discretion by denying bail without reason or for reasons insufficient in law. (1 Bailey on Habeas Corpus, p. 486.) There was, we hold, ample reason here for the denial of bail at General Sessions, but the lack of any statutory right of appeal from the General Sessions order made it doubly important that habeas corpus be made available to a prisoner forced to lie in jail without an adjudication of guilt. It does not follow, however, that the court which entertained the writ could exercise an independent discretion as to bail. The Legislature which forbade any appeal from an order denying bail, did not intend, in a backhanded way and under other forms, to permit the equivalent of an appeal, as to matters of discretion as well as matters of law. The traditional status and purpose of a writ of habeas corpus can be maintained in cases like this without making it a device for obtaining a new trial of a discretionary matter. If this petition for habeas corpus was, as clearly appears, an effort to get such a new trial, then it had to be denied, under section 566 of the Code of Criminal Procedure, which makes "final" a decision as to bail rendered by a "judge presiding in the court in which the crime is triable." Being no more than a second application to a different judge for the fixation of bail in a case where the first judge had, on the same facts, used his discretionary power to deny bail, the second application was properly denied not only because the first was "final" under the statute (§ 566) but also because such successive applications offend against orderly procedure.

This does not deny to the Supreme Court its own jurisdiction "to let to bail any person committed, before and after indictment found upon any criminal charge whatever." (Code Crim. Pro., § 22, subd. 8.) That jurisdiction is full and complete and can be exercised as to criminal causes pending in the Court of General Sessions. (*People ex rel. McManus* v. *Warden*, 226 App. Div. 364.) But it is an original jurisdiction to grant or refuse bail in the first instance, not to review the prior exercise of similar jurisdiction by the Court of General Sessions.

The order of the Appellate Division should be affirmed.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur.

Order affirmed.