Per Curiam.

On these two applications for writs of habeas corpus the facts, as set forth in the moving papers and as recited on the oral argument, are not disputed. Relator Rupoli has been indicted for the crimes of burglary in the third degree, grand larceny in the second degree and criminally receiving stolen goods. Upon arraignment a Judge of the Kings County Court ordered his release on $30,000 bail. Relator Russo has been indicted for the crimes of burglary (the degree not being stated) and criminally receiving stolen goods. Upon arraignment the same Judge ordered his release on $15,000 bail. Upon furnishing surety company undertakings in the amounts directed, relators were released from custody.
Subsequently, on June 1,1950, these relators appeared before another Judge of the Kings County Court upon the calendar call of their cases. Upon their failure to plead guilty the Judge revoked the bail theretofore fixed by the first County Judge, remanded the relators to jail, and set their cases down for trial at a later date. The cases are presently scheduled to be called for trial on June 12,1950, but without any assurance that relators will be tried on that date or on any date before the summer recess.
The record discloses that no reason was stated by the County Judge or by the District Attorney for the bail revocations. No new facts were then adduced. Nor, on the argument before this court, was any reason advanced by the District Attorney for the bail revocations.
The sole question to be determined on these applications is whether relators’ present detention is illegal. (People ex rel. Shapiro v. Keeper of City Prison, 290 N. Y. 393, 399.) We believe it is. The effect of the action of the second County Judge in revoking the bail first fixed was not only arbitrarily to reverse the order of a Judge of equal authority, but also arbitrarily to deny bail to the relators. While in felony indictments a County Judge may be vested with the discretionary power to release a defendant on bail and subsequently to revoke such bail (Code Crim. Pro., §§ 553, 422), such power *76 should not be exercised arbitrarily. “ Denial of bail is no light matter, and needs to be buttressed by a real showing of reasons therefor * * (People ex rel. Shapiro v. Keeper of City Prison, 290 N. Y. 393, 398, supra.) Where the refusal of the County Judge to fix bail or his action in revoking bail previously fixed is capricious and arbitrary, as it was here, the relators’ detention prior to their conviction must be deemed to be illegal.
Accordingly, we hold that the order of the second County Judge which revoked the bail originally fixed, being arbitrary, is, in each case, illegal and invalid. The writs are sustained but the relators are remanded until they shall have furnished bail in the amounts originally fixed by the first County Judge.
, In each case: Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.
In each case: Writ sustained and relator remanded until he shall have furnished bail as originally fixed.