THE PEOPLE OF THE STATE OF NEW YORK ex rel. BURTON N. PUGACH, Appellant, *v.* HENRY J. NOBLE, as Warden of New York City Penitentiary, Respondent.

First Department, March 14, 1961.

*O. John Rogge* of counsel (*Frances Kahn,* attorney), for appellant.

*Walter E. Dillon* of counsel (*Isidore Dollinger, District Attorney, County of Bronx*), for respondent.

*Per Curiam.* In November, 1959, relator and three others were jointly indicted by the Grand Jury of Bronx County charged with the crime of maiming, arising out of relator's alleged participation in the acid blinding of a young woman. In another indictment he was charged with violation of section 1897 of the Penal Law (possession of a loaded gun without a written license). He was admitted to bail in the sum of $5,000 on the weapon charge and $100,000 on the maiming indictment. Thereafter, relator was tried and convicted on the weapon charge, and sentenced to a term of one year in the New York City Penitentiary. A writ of habeas corpus—the one under review herein—seeking to reduce the bail on the maiming indictment, was procured by relator, and was made returnable at Special Term, Supreme Court, on February 9, 1961. This was the date of the completion of relator's sentence.

Relator, however, was first brought before the County Court to answer the indictment for maiming. The District Attorney, at this time, moved orally that relator be held without bail. He accused relator of violating an earlier direction by a County Court Judge to desist from any attempt to communicate with the complainant; and he also charged him with writing to Grand Jurors. Relator, personally and through his attorney, denied some of the accusations and sought to explain away others. These exchanges were oral. No affidavit bearing on the revocation of bail was filed, no testimony was taken, and none of the allegedly offending letters was shown to the court. The County Court Judge revoked bail.

A little later, on the same day, relator was brought before Special Term upon the return of the writ seeking to fix and

reduce bail. The action of the County Court Judge in revoking bail was brought to the attention of Special Term. Again, only oral argument was heard, along the same pattern as in the County Court. The serious charges made by the District Attorney were once again in the form of hearsay statements. Special Term, at the conclusion of argument, dismissed the writ.

Section 1259 of the Civil Practice Act provides that on the return of a writ of habeas corpus, a prisoner may testify as to the unlawfulness of his detention. That section further provides that " [T]hereupon the court or judge must proceed in a summary way to hear the evidence produced in support of or against the imprisonment or detention ". The inquiry at Special Term should be directed to " whether or not the denying Court has abused its discretion by denying bail without reason or for reasons insufficient in law." (*People ex rel. Shapiro* v. *Keeper of City Prison,* 290 N. Y. 393, 399.)

This discretion is circumscribed, and does not encompass an independent judgment as to the fixation of bail; nor can it be expanded to the full-fledged dimensions of an appeal (*People ex rel. Shapiro* v. *Keeper of City Prison, supra,* p. 399). Whether the compass of the discretion be broad or narrow, however, it must be based on something more than the vague hearsay and conclusory statements exchanged between defendant and District Attorney — particularly since no important issue was conceded or resolved upon the argument. In short, because of the insufficient factual showing made at Special Term, that court had no basis upon which to determine whether the County Court Judge had abused his discretion.

Accordingly, the order dismissing the writ of habeas corpus should be reversed, on the facts, the law, and in the exercise of discretion, the writ should be reinstated and remanded to Special Term for further proceedings.

Botein, P. J., Rabin, Valente, Stevens and Eager, JJ., concur.

Final order, entered on February 10, 1961, dismissing a writ of habeas corpus, which sought a reduction in the bail on the indictment for maiming, and remanding relator to the custody of respondent, unanimously reversed, on the law, on the facts and in the exercise of discretion, without costs, the writ reinstated, and the proceeding remanded to Special Term for further proceedings in accordance with the opinion of this court.