■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOEL SINGER, Appellant, v. PATRICK CORBETT, as Warden, Respondent. — Order of Supreme Court entered May 24, 1966 unanimously reversed, writ sustained and matter remitted to Onondaga County Court for further proceedings in accordance with memorandum. Memorandum: The method of reviewing an order denying bail has been definitely established in *People ex rel. Shapiro* v. *Keeper of City Prison* (290 N. Y. 393). It was therein held that the constitutional prohibition against excessive bail (N. Y. Const., art. I, § 5) does not make mandatory the release of a defendant on bail in all cases. Controlling is the statute (Code Crim. Pro., §§ 552, 553) making preconviction admission to bail a matter of right in misdemeanor cases and a matter of discretion in all other cases. When an application for bail in a felony case is opposed by the People the court should hold a hearing thereon. *Shapiro* (*supra*), held that the discretionary power to deny bail in felony cases cannot be exercised arbitrarily — the decision "needs to be buttressed by a real showing of reasons therefor" (p. 398). While such an order is not appealable *Shapiro* (*supra*) further enunciated the rule (p. 399), that habeas corpus is available to inquire into "the *legality* of the denial of bail, as to whether or not the denying Court has abused its discretion by denying bail without reason or for reasons insufficient in law." We conclude that the order herein denying bail was an arbitrary exercise of discretion by County Court. The court stated no reasons for its decision except that a murder trial over which the hearing Judge was presiding had been interrupted so that an Assistant District Attorney could appear in connection with a proceeding to extradite appellant from Canada. The reasons advanced by the People were equally unpersuasive. Appellant should not be penalized by a denial of bail because he exercised his legal right in refusing to waive extradition. Next, it appears that appellant's name was placed on some list maintained by Federal authorities at the behest of public officials of Onondaga

County. No proof was submitted that relator is charged with any other crime in another jurisdiction or has a criminal record. Lastly, there stands undenied in the record allegations of one of appellant's attorneys that he was informed by a prosecutor that bail could be arranged if relator would "talk" about his confederates in the alleged crime. There should be a new hearing in County Court. Unless the People can make a showing of valid reasons for the exercise by that court of its discretionary power adversely to the application, bail should be fixed in a proper and reasonable amount. (Appeal from order of Supreme Court, Onondaga County, dismissing writ of habeas corpus, following a hearing.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.