297 F.Supp. 203 (1969)
UNITED STATES of America ex rel. Eugene COVINGTON, Petitioner,
v.
P. COPARO, Acting Warden, House of Detention for Men, Respondent.
No. 68 Civil 4754.
United States District Court S. D. New York.
March 11, 1969.
*204 Leonard H. Sandler, New York City, for petitioner.
Frank S. Hogan, Dist. Atty., New York County, New York City, for respondent, Michael Juviler, Alan F. Scribner, Asst. Dist. Attys., of counsel.
*205 EDWARD WEINFELD, District Judge.
The petitioner, held without bail upon an indictment returned by a New York County grand jury charging him with a triple murder in the first degree, seeks his release by way of a federal writ of habeas corpus unless reasonable bail pending trial is fixed either by the State Court or this Court. Petitioner contends he has an absolute right to bail under the Eighth Amendment to the Federal Constitution, since murder in the first degree is no longer a capital crime in New York State (with exceptions not here relevant).[1] The prosecution, in resisting petitioner's application in the State Court for bail,[2] denied such a constitutional right and also opposed the application on the ground that the three decedents named in the indictment were murdered in a dispute over narcotics; that petitioner had a criminal record; that he is a "professional hired killer"; and that if released on bail was unlikely to appear for trial. The denial of bail was affirmed by the Appellate Division without opinion and the Court of Appeals denied leave to appeal. Petitioner having exhausted the state process on this issue, federal habeas corpus is available to test the legality of his detention.[3]
Petitioner assumes that the Eighth Amendment, binding upon the State of New York under the Fourteenth Amendment,[4] requires that bail be granted as a matter of right in all except capital crimes. The Eighth Amendment, however, does not mention, much less distinguish between, capital and other felonies. It provides only that "excessive bail shall not be required * * *." It is true, as petitioner contends, that some courts have construed the Eighth Amendment to guarantee the right to bail in all but capital cases,[5] but such statements must be considered in the context of the Congressional statute governing bail, rather than as a command under the Eighth Amendment.
The Supreme Court has not spoken directly on the precise issue here presented. However, in considering a statutory provision authorizing the Attorney General to hold without bail alien communists under deportation charges, the Court observed that the Eighth Amendment did not confer a right to bail in every criminal prosecution. The Court also noted that it was within Congressional competence to define those classes of cases in which bail shall be allowed.[6] And from the Judiciary Act of 1789 to the present, Congress has always provided that an accused is entitled to bail as a matter of right in a non-capital case, whereas in capital cases bail is a discretionary matter.[7]
Congressional policy thus far has provided that only capital offenses *206 are not bailable as a matter of right. However, Congress could, without running afoul of the Eighth Amendment, also provide, for example, that persons accused of kidnapping, bank robbery with force and violence, or other serious non-capital crimes are not entitled to bail as a matter of right.[8] This Congressional power, of course, is confined by the due process clause of the Fifth Amendment. Thus, I am of the view that Mr. Justice Burton, in his dissent in Carlson v. Landon, correctly defined the scope of the Eighth Amendment to "prohibit * * * federal bail that is excessive in amount when seen in the light of all traditionally relevant circumstances. Likewise, it must prohibit unreasonable denial of bail."[9]
And as Congress is free, within constitutional limits, to define the classes of crimes which are bailable as a matter of right and those that are not, so, too, may the state legislatures. While the Supreme Court has not passed upon the direct issue, those federal courts which have are in accord that the Eighth and Fourteenth Amendments do not require the state to grant bail in all cases as a matter of right; all have recognized that a state may constitutionally provide that bail be granted in some cases as a matter of right and denied in others, provided that the power is exercised rationally, reasonably and without discrimination.[10] Thus, it is left to the courts to fix the amount of bail in all cases where it is a matter of right and also in those instances where the court exercises its discretion favorably; but, under the Eighth Amendment, where bail is fixed in either instance, it must not be excessive, and further, where bail is not a matter of right, the court may not arbitrarily or unreasonably deny bail.
New York State provides that admission to bail before conviction is a matter of right in misdemeanor cases and a matter of discretion in all other cases  including a non-capital murder charge, the charge against this petitioner.[11] New York's recent elimination of the death penalty upon conviction of murder in the first degree,[12] following a course adopted in other states,[13] manifests an enlightened policy which should not be deterred by a legislative concern that reduction of the penalty must automatically result in the granting of bail *207 as a matter of constitutional right.[14] The penalty that may be imposed in the event of a conviction should not be the sole determinant on the issue whether bail is a matter of right; other factors, such as the nature of the offense, to mention but one, are also of substantial significance. No matter what the penalty, a murder charge remains a murder charge; a kidnapping charge remains a kidnapping charge, a rape charge remains a rape charge. Essentially, the basic purpose of bail remains whether, in the light of the nature of the charge and other significant factors, an accused will appear for trial and submit to sentence upon conviction.[15]
The state legislature may define types of crimes so that bail is not mandatory in all cases, leaving the determination of whether an accused is a good bail risk for the courts to decide in the exercise of their sound discretion.[16] And if the totality of circumstances is such that a court is of the view that no amount of bail will ensure the defendant's presence for trial, bail may be refused. A court's refusal of bail in an appropriate case does not trespass upon a defendant's federal constitutional rights under the Eighth and Fourteenth Amendments. In those instances where the court, in the exercise of discretion denies bail, the defendant's right to a speedy trial, a guarantee that prevents "undue and oppressive incarceration prior to trial,[17] assumes greater significance.[18]
Petitioner here is charged with a triple murder; the state contends that he is a hired killer. The state could have found a real danger that petitioner, if released on bail, would take flight from the jurisdiction; that no amount of bail would assure his appearance for trial; also that his release might constitute danger to the community. The granting of bail under such circumstances might well amount to "irresponsible judicial action * * *."[19]
The petition is dismissed.
NOTES
[1] N.Y. Penal Law, McKinney's Consol. Laws, c. 40, § 125.30, subd. 1(a).
[2] Petitioner moved by a habeas corpus proceeding, as required under New York law. United States ex rel. Hyde v. McMann, 263 F.2d 940, 942 (2d Cir.), cert. denied, United States ex rel. Hyde v. La Vallee, 360 U.S. 937, 79 S.Ct. 1462, 3 L.Ed.2d 1549 (1959); People ex rel. Shapiro v. Keeper of City Prison, 290 N.Y. 393, 399, 49 N.E.2d 498 (1943).
[3] Brown v. Fogel, 387 F.2d 692, 694 & n. 1 (4th Cir. 1967), cert. denied, 390 U.S. 1045, 88 S.Ct. 1647, 20 L.Ed.2d 307 (1968); Wansley v. Wilkerson, 263 F.Supp. 54, 56 (W.D.Va.1967).
[4] Pilkinton v. Circuit Court of Howell County, Missouri, 324 F.2d 45, 46 (8th Cir. 1963); United States ex rel. Fink v. Heyd, 287 F.Supp. 716, 717 (E.D. La.1968); Wansley v. Wilkerson, 263 F. Supp. 54, 56 (W.D.Va.1967).
[5] E. g., Trimble v. Stone, 187 F.Supp. 483, 484 (D.D.C.1960).
[6] Carlson v. Landon, 342 U.S. 524, 545, 72 S.Ct. 525, 96 L.Ed. 547 (1952).
[7] Rule 46(a), Fed.R.Crim.P.: "(1) Before Conviction. A person arrested for an offense not punishable by death shall be admitted to bail. A person arrested for an offense punishable by death may be admitted to bail by any court or judge authorized by law to do so in the exercise of discretion, giving due weight to the evidence and to the nature and circumstances of the offense." See Stack v. Boyle, 342 U.S. 1, 4, 72 S.Ct. 1, 96 L.Ed. 3 (1951).
[8] Thus, it would be singular if, after the Supreme Court's invalidation of the death penalty in the Federal Kidnapping Act, 18 U.S.C. § 1201(a) (1), on grounds unrelated to bail considerations, United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), the Eighth Amendment were to compel the release on bail of all defendants charged under the statute on the ground that their offense was no longer capital.
[9] 342 U.S. 524, 569, 72 S.Ct. 525, 548, 96 L.Ed. 547 (1952); cf. United States v. Motlow, 7 Cir., 10 F.2d 657, 659 (1926) (Butler, Cir. J.).
[10] Mastrian v. Hedman, 326 F.2d 708, 710-711 (8th Cir.), cert. denied, 376 U.S. 965, 84 S.Ct. 1128, 11 L.Ed.2d 982 (1964); United States ex rel. Hyde v. McMann, 263 F.2d 940, 943 (2d Cir.), cert. denied, United States ex rel. Hyde v. LaVallee, 360 U.S. 937, 79 S.Ct. 1462, 3 L.Ed.2d 1549 (1959); United States ex rel. Fink v. Heyd, 287 F.Supp. 716, 717-718 (E.D.La.1968); Wansley v. Wilkerson, 263 F.Supp. 54, 57 (W.D. Va.1967). Cf. People ex rel. Shapiro v. Keeper of City Prison, 290 N.Y. 393, 398, 49 N.E.2d 498 (1943). See also Bitter v. United States, 389 U.S. 15, 16, 88 S.Ct. 6, 19 L.Ed.2d 15 (1967); Rehman v. California, 85 S.Ct. 8, 13 L. Ed.2d 17, 18-19 (1964) (Douglas, Cir. J.); Carbo v. United States, 82 S.Ct. 662, 7 L.Ed.2d 769, 774 (1962) (Douglas, Cir. J.); Fernandez v. United States, 81 S.Ct. 642, 5 L.Ed.2d 683, 686 (1961) (Harlan, Cir. J.).
[11] N.Y.Code Crim.Proc. §§ 552, 553.
[12] N.Y.Sess.L.1965, ch. 321, § 1.
[13] See, e.g., Alaska Sess.L.1957, ch. 132, § 1; Me.Rev.Stat.Ann., tit. 17, § 2651 (1964); Mich.Comp.Laws, § 750.316 (1948); Minn.Stat., § 619.07 (1961); R.I.Gen.Laws, § 11-23-2 (1956); Vt. Stat.Ann., tit. 13, § 2303 (1968 Supp.); W.Va.Code, § 61-2-2 (1966); Wis.Stat., § 940.01(1) (1961).
[14] See also legislation, pending in the 90th Congress, that would have abolished the death penalty for all federal offenses, S. 1760, H.Rep. 754, 934, 2305, 9865, 10784, 10874, 12547, and amended the Constitution to prohibit imposition of the death penalty by the states, H.J. Res. 633.
[15] Stack v. Boyle, 342 U.S. 1, 4, 72 S.Ct. 1, 96 L.Ed. 3 (1951).
[16] People ex rel. Shapiro v. Keeper of City Prison, 290 N.Y. 393, 49 N.E.2d 498 (1943).
[17] United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 776, 15 L.Ed.2d 627 (1966).
[18] This right, of course, applies to the states and "is as fundamental as any of the rights secured by the Sixth Amendment." Klopfer v. North Carolina, 386 U.S. 213, 223, 87 S.Ct. 988, 993, 18 L. Ed.2d 1 (1967).
[19] Rehman v. California, 85 S.Ct. 8, 13 L.Ed.2d 17, 19 (1964) (Douglas, Cir. J.); Carbo v. United States, 82 S.Ct. 662, 7 L.Ed.2d 769, 774 (1962) (Douglas, Cir. J.). Cf. Painten v. Massachusetts, 254 F.Supp. 246, 249 (D.Mass. 1966).