Jasen, J. (dissenting).
The sole issue presented on this writ of habeas corpus is whether the order of the trial court denying bail to the petitioner was an abuse of discretion.
The matter of admitting a criminal defendant to bail in a felony case has been specifically left to the discretion of the Trial Judge by statute. (Code Crim. Pro., § 553.)
Since granting or denying bail is discretionary, when it is reviewed collaterally on a writ of habeas corpus the only question before the court is whether the Trial Judge abused his discretion. (CPLR 7010; People ex rel. Shapiro v. Keeper of City Prison, 290 N. Y. 393.) In properly exercising his discretion as to bail, the Trial Judge must take into account factual matters such as the nature of the offense, the penalty which may be imposed upon conviction, the probability of the willing appearance of the defendant or of his flight to avoid punishment, the pecuniary and social condition of the defendant, his general reputation and character, and the apparent nature and strength of the proof bearing on the probability of his conviction. (People ex rel. Lobell v. McDonnell, 296 N. Y. 109; People ex rel. Gonzalez v. Warden, 21 N Y 2d 18.) A denial of bail which is not based upon these factors is an abuse of discretion and, perforce, a violation of the constitutional prohibition against excessive bail. However, if the Trial judge has no.t abused his discretion in fixing or denying bail, it may not be said that the defendant has been unconstitutionally deprived of bail.
*504 Contrary to the analysis and result reached by the majority, the statute (CPLR 7010) and the cases (e.g., People ex rel. Shapiro v. Keeper of City Prison, supra; People ex rel. Fraser v. Britt, 289 N. Y. 614) are clear that admission to bail in a felony case is discretionary and the determination of the trial court is final and not appealable unless it can be shown by writ of habeas corpus .that the trial court ‘ ‘ abused its discretion by denying bail without reason .or for reasons insufficient in law.” (People ex rel. Shapiro v. Keeper of City Prison, supra, at p. 399.) The scope of review in the Appellate Division is likewise limited to this single issue of abuse of discretion.
Clearly, in the case before us, the Trial Judge gave several substantial reasons for denying the petitioner bail, to wit: the seriousness of the charges (kidnapping, robbery, grand larceny, possession of a loaded revolver, possession of a firearm silencer, burglary and conspiracy); the petitioner’s two prior felony convictions; the possible penalty of life imprisonment; a possibility of flight to avoid such if found guilty; and the petitioner’s bad reputation in the community.
The majority’s claim that the Trial Judge based his decision upon a rumored threat to witnesses is simply not true. The Judge did not predicate his decision on this rumored threat, but rather specifically recited the reasons noted above as the basis for denial of bail. It is difficult to conceive of a situation upon which the basis of the decision is more clearly delineated. Yet the majority completely disregards the stated ratio decidendi of the trial court.
The role and the considerations to be made by the court on the hearing of the writ was fully stated by this court in Shapiro, where we said: “ It does not follow, however, that the court which entertained the writ could exercise an independent discretion as to bail. The Legislature which forbade any appeal from an order denying bail, did not intend, in a backhanded way and under other forms, to permit the equivalent of an appeal, as to matters of discretion as well as matters of law. The traditional status and purpose of a writ of habeas corpus can. be maintained in cases like this without making it a device' for obtaining a new trial of a discretionary matter. If this petition for habeas corpus was, as clearly appears, an effort to get such a new trial, then it had to be denied, under section *505 566 of the Code of Criminal Procedure, which makes ‘ final ’ a decision as to bail rendered by a ‘ judge presiding in the court in which the crime is triable.’ Being no more than a second application to a different judge for the fixation of bail in a case where the first judge had, on the same facts, used his discretionary power to deny bail, the second application was properly denied not only because the first was ‘ final ’ under the statute (§ 566) but also because such successive applications offend against orderly procedure.” (Id., at p. 399.)
Obviously, we have expressed a concern that there not be successive applications to different Judges for the fixation of bail on the same facts. To permit otherwise would merely amount to a review by one Judge of the discretionary actions of another which would be contrary to section 566 of the Oode of Criminal Procedure.
Upon the record before us, I find that the habeas corpus Judge, in denying the writ, properly found there was no abuse of discretion by the Trial Judge in denying the petitioner bail. Therefore, I would reverse the order of the Appellate Division and reinstate the judgment of Special Term.
Chief Judge Fuld and Judges Burke, Bbrqan and Gibson concur with Judge Breitel; Judge Jasen dissents and votes to reverse in a separate opinion in which Judge Soilirh concurs.
Order affirmed, without costs.