■ In the Matter of DENNIS BUTHY, Petitioner, v. HAMILTON WARD, as a Justice of the Supreme Court, Respondent.— Order of Supreme Court (WARD, J.) holding petitioner in contempt of court unanimously reversed, writ of habeas corpus dismissed, and matter remitted to Erie County Court (COLUCCI, J.) for further proceedings in accordance with the following memorandum: Petitioner was heretofore convicted of a felony. Upon appeal we reversed the judgment, granted a new trial, reversed an order denying a motion to suppress certain oral statements made by petitioner to the police, and granted the motion (33 A D 2d 986). Thereafter petitioner made application to Erie County Court for the fixing of bail. The court, without conducting a hearing, denied the application. Its order recited that it had "studied in camera a prior motion and order pursuant to section 658 of the Code of Criminal Procedure, the reports of the psychiatrists therein, the psychiatric testimony adduced upon the trial of the action (and) the Memorandum of the Appellate Division." Petitioner thereafter sought a review of this determination by a habeas corpus proceeding instituted in Supreme Court. The Justice presiding proceeded to conduct a de novo hearing. In the course thereof petitioner testified and upon cross-examination refused to answer a question propounded by the prosecutor, on the ground that the answer might tend to incriminate him. He was adjudged in contempt and committed to jail until he purged himself of the contempt. This proceeding ensued. People ex rel. Shapiro v. Keeper of City Prison (290 N. Y. 393) outlines the procedure to be followed by one seeking bail and thereafter seeking review of an adverse decision. Implicit therein is the holding that the discretionary power of the court (here County Court) to deny bail in a felony case cannot be exercised arbitrarily — the decision "needs to be buttressed by a real showing of reasons therefor." (290 N. Y. at p. 398.) On the other hand the court which entertains the writ of habeas corpus (here Supreme Court) may not exercise an independent discretion as to bail. "its inquiry (is) only as to the legality of the denial of bail, as to whether or not the denying Court has abused its discretion by denying bail without reason or for reasons insufficient in law." (290 N. Y. at p. 399.) (See, also, People ex rel. Singer v. Corbett, 26 A D 2d 770.) It thus appears that County Court and Supreme Court, respectively, were confused as to their respective jurisdictions. The hearing should have been held in County Court. Supreme Court was without jurisdiction to conduct a de novo hearing. It follows that petitioner was held in contempt in the course of a proceeding which the court was without jurisdiction to hold and the ensuing mandate of commitment was void. The matter should be remitted to Erie County Court for an evidentiary hearing. In deciding the application the court must be mindful that " there is a constitutional issue of law that cannot be blinked at by saying that an exercise of discretion is involved. In the first place, constitutional limitations are

present, as is the constitutional access to habeas corpus (N. Y. Const., art. I, § 4), and these perforce override any statutory distributions of judicial power or appealability. Secondly, even where an exercise of discretion is operative there must, as a matter of law, be underlying facts which will support that exercise either in denying bail or fixing the amount of bail." (*People ex rel. Klein* v. *Krueger*, 25 N Y 2d 497, 501.) (Proceeding to annul order adjudging petitioner guilty of criminal contempt.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Bastow, JJ.