Joseph A. Suozzi, J.
The defendant, who has been convicted of murder and sentenced to a 25-year to life term of imprisonment and has been denied a new trial, seeks a certificate of reasonable doubt and admission to bail pending an appeal. The District Attorney has conceded during the course of the oral argument had on this motion that there may be arguable questions of law which ought to be reviewed on appeal, and upon which a certificate of reasonable doubt might ordinarily be granted. However, the District Attorney nonetheless resists the granting of the certificate because the defendant is not eligible for bail.
In every case involving an application for a certificate of reasonable doubt there is an accompanying motion for admission to bail. Although the two applications are predicated upon separate sections of the Code of Criminal Procedure, in practice a certificate is not granted unless the defendant is also eligible for admission to bail. In the only precedent called to this court’s attention where a certificate of reasonable doubt was granted at Special Term, to a defendant not eligible for bail, the Appellate Division, on appeal, vacated that certificate (People v. Sternberger, N. Y. L. J. Feb. 8,1968, p. 18, col. 4). Therefore, unless the defendant is eligible for bail, the motion for a certificate must also be denied.
*210 Section 555 of the Code of Criminal Procedure provides as follows:
“ § 555. Bail after conviction.
‘ ‘ After conviction of an offense other than a class A felony or a crime for which the defendant has been sentenced as a persistent felony offender, a defendant who has appealed, and when there is a stay of proceedings, but not otherwise, may be admitted to bail:
“1. As a matter of right, when the appeal is from a judgment imposing a fine only;
“2. As a matter of discretion in all other cases, except that if the defendant is convicted of any of the offenses described in section five hundred fifty-two of this code and is circumstanced as there described, he shall not be admitted to bail.”
On the face of this statute, inasmuch as the defendant has been convicted of a class A felony, this court is without authority to admit the defendant to bail. The discretionary power which is granted to a court by section 552 to admit to bail, either before or after indictment, defendants who have been charged with the crime of murder (a class A felony) is not granted to the court by section 555 as to the same defendants after conviction.
To overcome the clear purport and effect of this statute, the defendant has argued that the statute is unconstitutional. The thrust of the defendant’s claim of unconstitutionality is that section 555 constitutes a denial of equal protection because it denies him a right which is accorded to all other first offenders pending their appeal from a conviction for a crime not punishable by death.
This argument is not a valid or persuasive one, in that an examination of the statute will disclose that bail is also denied to other first offenders convicted of other class A felonies, to wit, kidnapping (Penal Law, § 135.25); attempt to murder a peace officer (§ 110.05, .subd. 1); criminal possession of a dangerous drug in the first degree (§ 220.23); and criminally selling a dangerous drug in the first degree (§ 220.44). So that the defendant is in the same position as to bail as other first offenders who are not entitled to bail under section 555.
The right to bail of a defendant accused of murder or any one of these other class A felonies prior to trial or conviction cannot be equated with the rights of a defendant after he has been tried cmd convicted of one of these class A felonies.
The opinions of both the United States Supreme Court and the New York Court of Appeals indicate that the constitutional provisions requiring that bail not be excessive do not grant an *211 absolute right to bail. (Carlson v. Landon, 342 U. S. 524, 545 ; People ex rel. Shapiro v. Keeper of City Prison, 290 N. Y. 393, 398.) Also, the mere fact that the defendant herein has, the right to appeal the verdict in his case does not automatically confer upon him the right to bail. The Legislature may accord the right of appeal to a person convicted of a crime '‘ upon such terms as in its wisdom may be deemed proper” (McKane v. Durston, 153 U. S. 684, 687-688).
By section 555 of the Code of Criminal Procedure the New York State Legislature has declared that pending appeal, a person convicted of a class A felony may not be admitted to bail. The fact that such a person may be a first offender does not entitle him to any greater rights. In view of the nature of the crimes which have been classified as class A felonies, this court cannot conclude that the Legislature did not have a rational basis for making a distinction, for the purpose of bail, as between first offenders convicted of a class A felony and first offenders who have been convicted of other crimes. Furthermore, there is also a basis for distinguishing — as do sections 552 and 555 —between persons who have merely been accused of crimes but who have not as yet been tried and convicted, and those who have been tried and convicted. (See United States ex rel. Klein v. Deegan, 290 F. Supp. 66.)
Accordingly, the court cannot concur with the defendant’s argument as to constitutionality presented here, and is compelled to deny the application for a certificate of reasonable doubt and for admission to bail.