◼ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DEBORAH A. MOQUIN, Respondent, v GEORGE INFANTE, as Sheriff of the County of Albany, Appellant.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (McDermott, J.), entered September 25, 1987 in Albany County, which sustained a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, and discharged petitioner.

On August 18, 1987, petitioner was indicted and charged with the crimes of murder in the second degree, manslaughter in the second degree, vehicular manslaughter in the second degree, vehicular assault in the second degree (two counts), operating a motor vehicle while under the influence of alcohol as a felony (two counts) and reckless driving. The charges arise out of a motor vehicle accident which was allegedly caused by petitioner while she was in an intoxicated condition. One person was killed and another seriously injured in the accident. After she was arraigned, petitioner applied for release on bail. County Court denied the application. Petitioner then applied to Supreme Court for a writ of habeas corpus to review the denial of bail. Supreme Court granted petitioner's application and fixed bail at $10,000, but conditioned petitioner's release upon her enrollment in an alcoholism rehabilitation program. Respondent, represented by the District Attorney, appeals.

The scope of review upon a petition for a writ of habeas corpus challenging the fixing or denial of bail is limited to determining whether the constitutional or statutory standards prohibiting excessive bail or the arbitrary refusal of bail have been violated *(People ex rel. Klein v Krueger,* 25 NY2d 497, 499). Here, it was clear that County Court denied bail for reasons of preventive detention. Since this is not a valid

ground upon which bail may be denied *(see, People ex rel. Schweizer v Welch,* 40 AD2d 621), County Court's order was violative of the statutory standards on setting bail.* Thus, regardless of whether Supreme Court had before it the record of the proceedings in County Court, Supreme Court properly sustained the writ.

Next, respondent contends that, having sustained the writ, Supreme Court should have remitted the matter to County Court rather than substitute its discretion for that of County Court. We disagree. It has been recognized that the habeas corpus court, after sustaining the writ, is empowered to exercise its discretion and review the record rather than remit the matter *(People ex rel. Ryan v Infante,* 108 AD2d 987, 988; *see, People ex rel. Fusco v Cunningham,* 65 AD2d 531; *People ex rel. Feldman v Warden,* 45 AD2d 838). Here, Supreme Court had sufficient evidence before it upon which a bail determination could be made. The fact that the record of the proceedings in County Court was not before Supreme Court is irrelevant since, after having vacated County Court's order as unlawful, Supreme Court was acting as the nisi prius court. We conclude that Supreme Court properly considered the bail application de novo.

Finally, we find no reason, in general, for interfering with Supreme Court's decision to set bail at $10,000 upon the condition that petitioner enroll in an alcoholism rehabilitation program. However, we choose to modify the order to add one additional condition. It is not clear from the record whether petitioner's driver's license has been suspended. In the event that it has not, we impose as an additional condition to bail that petitioner not operate a motor vehicle while released on bail and that she surrender her driver's license during such time.

Judgment modified, as a matter of discretion, without costs, by adding thereto an additional condition that petitioner surrender her driver's license and refrain from operating a motor vehicle. Mahoney, P. J., Main, Casey and Weiss, JJ., concur.

---

* Preventive detention is not included among the criteria listed in CPL 510.30. Since the order denying bail violated the statute, we need not consider whether preventive detention would be a constitutionally permissible ground for the denial of bail.