■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. BLAINE P. BRYCE, Appellant, v GEORGE L. INFANTE, as Albany County Sheriff, Respondent.—Per Curiam. Appeal from a judgment of the Supreme Court (Conway, J.), entered November 1, 1988 in Albany County, which dismissed a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, after a hearing.

After a seven-month police investigation of the death of his two-month-old son, petitioner was indicted and charged with the crime of murder in the second degree under the depraved mind murder provision of Penal Law § 125.25 (2). Following his arraignment, petitioner submitted a bail application and a hearing was held by Albany County Court. The application was denied and petitioner instituted this habeas corpus proceeding to review County Court's denial of bail. Supreme Court dismissed petitioner's writ, resulting in this appeal.

The scope of review upon a petition for a writ of habeas corpus challenging the denial of bail is limited to determining whether the constitutional or statutory standard prohibiting the arbitrary refusal of bail has been violated (*People ex rel. Klein v Krueger*, 25 NY2d 497, 499). County Court denied bail

herein upon a finding of a probability of conviction and upon the presence of "an emotional condition that may lead [petitioner] to abscond under the nature and circumstance of this case, including the severe mandated sentence if conviction is had". The "emotional condition" referred to by County Court is apparently the suicidal tendency exhibited by petitioner during the period immediately prior to his indictment. It could be argued that suicide is the surest "escape" from prosecution, but, in our view, a suicidal tendency cannot be equated with an intent to abscond or flee in the context of a bail application.

Although mental condition is one of those factors to be considered upon a bail application (CPL 510.30 [2] [a] [i]), there is nothing in the record to support a finding that continued incarceration in the Albany County Jail is necessary to secure petitioner's court attendance when required. Neither medical expert who reported to County Court was of the opinion that bail should be denied due to petitioner's mental condition, but both experts indicated that petitioner should continue with the therapy he was undergoing at the time of his arrest. An examination of the other statutory factors to be considered upon an application for bail, such as petitioner's reputation, employment and financial resources, lack of prior criminal involvement and previous record of responding to court appearances (CPL 510.30 [2] [a]) reveals that these factors do not provide a rational basis for denial of petitioner's application. Thus, the only factors which weigh against granting bail are the probability of conviction* and the severity of the sentence, but, in the circumstances of this case, those two factors alone do not justify the denial of bail *(compare, People ex rel. Parker v Hasenauer, 62 NY2d 777, with People ex rel. Benton [Weintraub] v Warden, 118 AD2d 443; see, People ex rel. Moquin v Infante, 134 AD2d 764).*

Based upon our review of the record, we conclude that bail in the amount of $50,000, together with a condition requiring petitioner to immediately resume his course of treatment and therapy with his psychotherapist, Dr. Frederick Smith, would be sufficient to secure petitioner's court attendance when required.

Judgment reversed, on the law and as a matter of discretion in the interest of justice, without costs, writ sustained, and bail set in the amount of $50,000 cash or surety bond, with a

---

* We accept County Court's conclusion on this issue since it had the opportunity to examine the proof presented to the Grand Jury.

condition that petitioner immediately resume his course of treatment and therapy with Dr. Frederick Smith. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.