ROBERT A. BECHER, on Behalf of JOHN VADAKIN, Petitioner, v LEONARD G. DUNSTON, as Director of New York State Executive Department, Division for Youth, Respondent.

Supreme Court, Rensselaer County, December 29, 1988

### APPEARANCES OF COUNSEL

*Robert A. Becher,* petitioner *pro se. James B. Canfield, District Attorney (Stephen Hogan* of counsel), for respondent.

### OPINION OF THE COURT

WILLIAM H. KENIRY, J.

This habeas corpus proceeding was commenced by the attorney for John Vadakin, an individual under indictment in Rensselaer County who is detained in the custody of the New York State Division for Youth. After his arraignment on a four-count indictment charging him with three felonies and one misdemeanor, Vadakin applied for release on bail. Such application was denied by County Court.

This proceeding ensued. Petitioner contends that County Court improperly and arbitrarily refused to set bail. Upon the return of the writ, this court heard oral argument by petitioner and an Assistant District Attorney. Thereafter the petitioner, at the court's request, supplied a copy of the transcript of the proceedings before County Court. The transcript manifests that after hearing oral argument by the petitioner and an Assistant District Attorney, County Court did not conduct a hearing and denied the bail application on the ground that "by his [Vadakin's] conduct in telling the Officer what to do with the subpoena, and failing to obey the lawful process of this Court [he] abrogated his right to bail at this time."

The scope of review upon a petition for a writ of habeas corpus challenging the denial of bail is limited to determining whether constitutional or statutory standards have been violated *(People ex rel. Klein v Krueger,* 25 NY2d 497; *People ex rel. Moquin v Infante,* 134 AD2d 764). When a bail application is opposed, the court should hold a hearing thereon *(People ex rel. Singer v Corbett,* 26 AD2d 770). In this case, County Court denied the bail application without conducting such a hearing.

Usually, the habeas corpus court is without jurisdiction to conduct a de novo hearing *(Matter of Buthy v Ward,* 34 AD2d 884). However when an adequate record is available, the reviewing court is empowered to exercise its discretion, review the record and make a bail determination *(People ex rel. Moquin v Infante,* 134 AD2d 764, *supra).*

The court has reviewed the record before it and concludes that County Court's decision to deny the bail application without conducting a hearing and on the ground that the defendant allegedly disobeyed a subpoena to testify before the Grand Jury fails to comport with constitutional and statutory standards (NY Const, art I, § 5; CPL 510.30; *People ex rel. Klein v Krueger,* 25 NY2d 497, *supra).* In this case, the court does not have an adequate record upon which it can make an independent determination of the defendant's bail application.

Accordingly, the writ is sustained to the extent that the bail application of defendant John Vadakin is remanded to County Court for further proceedings not inconsistent with this decision.