■ In the Matter of THOMAS CONSTANTINE, as Superintendent of the New York State Police, Respondent, v ONE 1980 DATSUN et al., Defendants, and STEVEN L. COOK, Appellant. (Appeal No. 1.)—Order unanimously affirmed without costs. Memorandum: In this forfeiture proceeding pursuant to Public Health Law § 3388, respondent Steven L. Cook, the owner of the seized 1980 Datsun bearing New York license plate No. 43017-GW, contends that this proceeding is criminal in nature and violates the Due Process Clauses and the proscriptions against double jeopardy contained in the New York State and United States Constitutions. The provisions of Public Health Law § 3388 both expressly and impliedly indicate that the New York State Legislature's intent was to establish a civil penalty. Indeed, the Legislature specifically provided that proceedings instituted under this section were to conform as much as possible to the civil procedure for attachment (see, Public Health Law § 3388 [4]). Because the Legislature has expressed its intent to establish a civil penalty, this statute may be deemed criminal in nature only upon the clearest proof that the scheme is so punitive as to negate that intent (see generally, United States v Ward, 448 US 242, 248-249). Here, although the forfeiture has obvious punitive aspects, the important remedial purposes of the statute establish its civil

nature. These remedial purposes include stripping the drug trade of its instrumentalities, diminishing the probability of drug trafficking by increasing the costs and risks associated with it, and helping to finance and provide vehicles to support government efforts to combat drug trafficking. Given these broad remedial purposes, proof has not been presented to establish that this section is criminal in nature and, therefore, we conclude that this forfeiture statute is, as intended by the Legislature, civil in nature (see generally, United States v Santoro, 866 F2d 1538, 1543-1544; United States v D.K.G. Appaloosas, 829 F2d 532, cert denied sub nom. One 1984 Lincoln Mark VII Two-Door v United States, 485 US 976; United States v $2,500 in United States Currency, 689 F2d 10, cert denied sub nom. Aponte v United States, 465 US 1099).

Because the forfeiture proceeding contained in Public Health Law § 3388 is civil in nature, the constitutional provisions regarding double jeopardy and proof beyond a reasonable doubt do not apply (see generally, United States v One Assortment of 89 Firearms, 465 US 354; United States v Santoro, supra; United States v D.K.G. Appaloosas, supra; United States v $250,000 in United States Currency, 808 F2d 895).

Respondent further contends that the court erred in failing to dismiss the petition because it was not commenced within 10 days of his demand for return of the vehicle. Since this forfeiture proceeding was commenced prior to and continued after respondent's demand for return of the vehicle, it was timely (see, Public Health Law § 3388 [4]). (Appeal from order of Supreme Court, Wayne County, Siracuse, J.—forfeiture.) Present—Dillon, P. J., Doerr, Boomer, Lawton and Davis, JJ.