■ In the Matter of PARASK VLEPAKIS et al., Appellants, v DENIS DILLON et al., Respondents. [667 NYS2d 435] —In a

proceeding pursuant to CPLR article 78 to prohibit further prosecution for petit larceny in criminal proceedings pending in the First District Court of Hempstead, entitled *People v Vlepakis* (index No. 23787/96), and *People v Halkiopoulos* (index No. 24083/96), the petitioners appeal from a judgment of the Supreme Court, Nassau County (O'Brien, J.), dated January 7, 1997, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Following their arraignment for shoplifting, the petitioners were continued on a modest police bail provided that they attended a one-day remediation and education program, for which they were charged an $85 fee. The petitioners paid the fee and completed the course. Subsequently they commenced a proceeding to prohibit further criminal prosecution for petit larceny on the ground, *inter alia,* that their participation in the program constituted punishment, and that any further prosecution would subject them to the risk of multiple punishments for the same conduct in violation of constitutional protections against double jeopardy. The court dismissed the proceeding, and we now affirm.

The program was not a punishment, as the course did not serve the goal of either retribution or deterrence. Rather, the class was, by its terms, purely remedial in nature, with the result that the Double Jeopardy Clause of the Fifth Amendment was not triggered (*see, e.g., United States v Ursery,* 518 US 267; *Matter of Cordero v Lalor,* 89 NY2d 521, *cert denied —* US —, 118 S Ct 131; *People v Haishun,* 238 AD2d 521; *People v Roach,* 226 AD2d 55; *see also, United States v Halper,* 490 US 435; *Matter of Smith v County Ct.,* 224 AD2d 89; *City of New York v Wright,* 222 AD2d 374, 375; *Matter of Constantine v One 1980 Datsun,* 163 AD2d 866).

The petitioners' remaining contentions are without merit. Sullivan, J. P., Friedmann, Florio and McGinity, JJ., concur.