■ In the Matter of Diana Oliver, Appellant, v Mark A. Gross, Judge of the Mount Vernon City Court, et al., Respondents. [995 NYS2d 218]—

In a proceeding pursuant to CPLR article 78 in the nature of prohibition, inter alia, to prohibit the respondents from requiring the petitioner, as a condition of her release in a pending criminal prosecution, to cooperate with the treatment recommendations of the agency known as Treatment Alternatives for Safer Communities, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Cacace, J.), entered November 27, 2012, which denied the petition and dismissed the proceeding.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

In May 2012, the petitioner was charged with, among other things, assault in the third degree after allegedly assaulting another woman and her children at a train station in Mount Vernon. The petitioner appeared for arraignment and was released on her own recognizance by the respondent Mark A. Gross, a Judge of the Mount Vernon City Court (hereinafter the respondent Judge), on the condition that she cooperate with an agency known as Treatment Alternatives for Safer Communities (hereinafter TASC) of the Westchester County Department of Community Mental Health, and that she follow the treatment recommendations made by that agency. The petitioner then commenced this CPLR article 78 proceeding in the nature of prohibition, arguing, inter alia, that the respondent Judge exceeded his authority when he conditioned her release upon cooperation with TASC. The Supreme Court denied the petition and dismissed the proceeding.

While perfecting this appeal, the petitioner completed a counseling program recommended by TASC and was relieved, by the Mount Vernon City Court, of her obligations to TASC. Moreover, the Mount Vernon City Court dismissed the underlying criminal prosecution. Under these circumstances, the issue presented has been rendered academic and the appeal must be dismissed (*see Matter of Varela v Stein*, 37 AD3d 1001, 1002 [2007]; *Matter of Kassebaum v al-Rahman*, 212 AD2d 482 [1995]; *People ex rel. Ferguson v Campbell*, 186 AD2d 319 [1992]). Contrary to the petitioner's contention, this matter does not warrant the invocation of the exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]; *Matter of Field v Stamile*, 85 AD3d 1164, 1165 [2011]; *cf. People ex rel. McManus v Horn*, 18 NY3d 660, 664 [2012]; *see generally Matter of Vlepakis v Dillon*, 246 AD2d 549,

550 [1998]; *People ex rel. Bryce v Infante*, 144 AD2d 898, 899 [1988]; *People ex rel. Moquin v Infante*, 134 AD2d 764, 765 [1987]). Rivera, J.P., Hall, Austin and Cohen, JJ., concur.