The People of the State of New York ex rel. Humphrey Perez, Appellant, *v.* Jack R. Nevil, as Sheriff of the County of Otsego, Respondent.

Third Department, August 27, 1974.

Jacobs & Jacobs (*Michael A. Jacobs* of counsel), for appellant.

George S. Kepner, District Attorney, for respondent.

*Per Curiam.* Special Term, upon the application of the petitioner for a writ of habeas corpus, determined that the petitioner had been unconstitutionally denied bail and set the same at $100,000. Special Term, however, did not issue any written decision in regard to the proceeding before it and the judgment appealed from recites that no return was filed by the respondent. In *People ex rel. Klein* v. *Krueger* (25 N Y 2d 497, 501) the Court of Appeals held that habeas corpus was a proper vehicle for the review of the denial of bail. (See, also, *People ex rel. Parone* v. *Phimister,* 29 N Y 2d 580, 581.) In *People ex rel. Goins* v. *Howard* (41 A D 2d 683) this court indicated that upon a habeas corpus review of the amount of bail set on the ground of excessiveness the factors set forth in subdivision 2 of CPL

510.30 were sufficient guidelines for the discretionary setting of bail. In *People ex rel. Yannarilli* v. *Draxler* (41 A D 2d 684) it was noted that Special Term in fixing the amount of bail in a habeas corpus proceeding had made specific findings in a decision.

In the present case, the application of the petitioner recited that his conviction for the crime of manslaughter in the first degree had been reversed by the Appellate Division and a new trial ordered (*People* v. *Perez*, 44 A D 2d 614, 615). It further recited that he was an American citizen and had served some four years with the United States Marine Corps. It is alleged that his character and reputation were good and that he was mentally sound and had resided for nearly all of his life in Brooklyn. It was also recited that pursuant to the proceedings in his case he had been continuously incarcerated since November 4, 1971 and that his record for behavior during such incarceration was "very good". It is well established that without a record containing more facts in regard to the factors to be considered in the setting of bail and findings by Special Term as to the amount of bail, the exercise of discretion by Special Term in setting bail at $100,000 must be deemed arbitrary. The respondent has submitted to this court a supplemental record on appeal which consists of prior proceedings before the County Court of Otsego County for the setting of bail. It is to be noted that the so-called supplemental record was apparently not before Special Term in this habeas corpus proceeding and, in any event, that it is inadequate for the purpose of determining the excessiveness of bail. It appears that the matter must be remitted to Special Term for the purpose of completing the record and making findings and the setting of appropriate bail.

The judgment should be modified, on the law and the facts, without costs, by striking therefrom so much as sets bail in the amount of $100,000 and by remitting the proceeding to the Supreme Court at Special Term for Otsego County for the purpose of further proceedings and the setting of bail.

HERLIHY, P. J., STALEY, JR., GREENBLOTT, SWEENEY and KANE, JJ., concur.

Judgment modified on the law and the facts, without costs, by striking therefrom so much as sets bail in the amount of $100,000 and by remitting the proceeding to the Supreme Court at Special Term for Otsego County for the purpose of further proceedings and the setting of bail.