■    THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH A. GUGINO, Appellant v KENNETH BRAUN, as Sheriff of the County of Erie, Respondent. —Judgment unanimously affirmed. Memorandum: In a habeas corpus pro-

ceeding seeking to review the denial of bail, the scope of inquiry is "only as to the *legality* of the denial of bail, as to whether or not the denying Court has abused its discretion by denying bail without reason or for reasons insufficient in law" *(People ex rel. Shapiro v Keeper of City Prison,* 290 NY 393, 399 [emphasis in original]; see, also, *People ex rel. Weisenfeld [Cifone] v Warden, N. Y. Detention Facility at Riker's Is.,* 37 NY2d 760). Absent an invasion of a constitutional right, a mere difference in opinion over the denial of bail will not mandate reversal *(People ex rel. Klein v Krueger,* 25 NY2d 497). In the instant case the denial of bail was properly predicated upon the uncontested allegation that defendant had previously assisted his brother in his attempt to jump bail on another indictment. Defendant himself stands charged with murder in the second degree, a class A-II felony, for which the minimum term of imprisonment, if convicted, would be at least 15 years. Thus, while there was no direct proof that defendant might attempt to flee the jurisdiction, his efforts on his brother's behalf as well as the possible consequences of his own conviction offered sufficient basis for reconsideration and denial of bail. (Appeal from judgment of Erie Supreme Court—habeas corpus.) Present—Moule, J. P., Cardamone, Simons and Goldman, JJ.