■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK A. ORTIZ, on Behalf of FERNANDO BAEZ, Appellant, v COMMISSIONER OF CORRECTIONS OF THE CITY OF NEW YORK, Respondent.—Judgment, Supreme Court, New York County, entered April 10, 1980, dismissing petitioner's writ of habeas corpus seeking review of a bail determination, unanimously affirmed, without costs and disbursements. Petitioner was arrested for possessing one ounce of cocaine, and was released on his own recognizance. Subsequently he was rearrested and charged with other narcotics violations involving four sales of cocaine to an undercover officer. Bail was set at $5,000 on the new charges, but at the subsequent arraignment on the indictment the court exonerated the $5,000 bail and remanded petitioner without bail. The court defended its decision that petitioner had forfeited his right to bail with a finding that, while at liberty pending trial on the original charge, he had "probably committed" the crimes for which he was rearrested. CPL 510.30, which established the factors to be considered in setting bail, does not provide for automatic forfeiture of bail by a defendant when he commits other crimes. At the same time, however, the statute permits the court in setting bail to weigh, *inter alia,* a defendant's criminal record (CPL 510.30, subd 2, par [a], cl [iv]), the probability of conviction (cl vii), and the sentence facing the defendant (cl viii). In light of the seriousness of the crimes with which petitioner was charged, and the probability of conviction (he was rearrested five minutes after selling four and three-eighths ounces of cocaine to an undercover officer for $7,300, the $7,300 in buy money was found in his possession; and in three of the four sales the undercover officer had worn a body tape and recorded the conversations and negotiations), we find that the court cannot be said to have abused its discretion in revoking bail, and that the writ was properly dismissed. Concur—Fein, J. P., Sullivan, Ross and Lynch, JJ.

Silverman, J., concurs in a memorandum as follows: I agree with the Trial Term that it is an implied condition of a release of a defendant on bail that he shall not use this freedom on bail to commit other crimes. This is quite different from preventive detention. This is a breach of an implied condition of bail. Here the defendant, while on bail on a narcotics charge, sold cocaine to an undercover police officer for $7,300 and the evidence that he did so is overwhelming, the $7,300 in buy money being found in his possession, and

the undercover officer in three of the four sales having worn a body tape which recorded the conversations and negotiations with defendant.