(February 11, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JEAN RYAN, Also Known as JEAN WARD, Appellant, v GEORGE INFANTE, as Sheriff of Albany County, Respondent. — Weiss, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), entered January 16, 1984, which dismissed a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, after a hearing.

Petitioner and her brother were indicted for theft of food stamps amounting to $75,000 face value from a bank at which she was employed. Petitioner pleaded not guilty at arraignment and bail was initially set at $4,500. When she advised County Court that she did not know the whereabouts of her brother, the codefendant, the court stated as follows: "The court is going to make a condition of the bail, also. The court is going to place you upon pretrial probation, also. And one of the conditions of that bail is that you find your brother John Ryan and bring him here.

Do you understand that? And you have two weeks to do it. If he doesn't appear here within two weeks, then you're going to be going to jail."

The following colloquy ensued:

"Miss Vaida [defense counsel]: For the record, Your Honor, I would object * * *

"The Court: The court is going to reset bail. $10,000.

"Miss Vaida: Your Honor, if I may be heard a minute?

"The Court: $10,000. I'm sorry.

"Miss Vaida: How do you expect this person to find her brother? I think that's a * * *

"The Court: The bail is set in the sum of $10,000, cash or surety bond. Absent the making of same, the defendant is remanded to the custody of the Albany County Sheriff." A petition for a writ of habeas corpus was referred by Supreme Court to the same County Court Judge who had set bail. After a hearing, County Court dismissed the writ of habeas corpus. This appeal ensued.

Judicial review of a habeas corpus proceeding is limited to determining whether constitutional or statutory standards against excessive bail have been violated (*People ex rel. Klein v Krueger,* 25 NY2d 497, 499). There must be a sufficient showing on the record to support the decision and the exercise of discretion must be upon a rational basis delineated by the criteria listed under CPL 510.30 (*see, People ex rel. Parone v Phimister,* 29 NY2d 580). Unless the record sets forth the factors utilized in determining the amount of bail or the habeas corpus court has made specific findings in its decision fixing bail, the exercise of discretion must be deemed arbitrary (*People ex rel. Perez v Nevil,* 45 AD2d 445, *lv denied* 36 NY2d 645). In our view, the record here does not contain sufficient reason for resetting the bail at $10,000 after initially setting it at $4,500.[*]

This court is therefore empowered to exercise its discretion (*People ex rel. Klein v Krueger, supra,* p 502) and review the record rather than remit the matter (*People ex rel. Foreman v Hasenaur,* 71 AD2d 839), bearing in mind the criteria set forth in CPL 510.30 (2) (a) and that the purpose of bail is to secure the defendant's appearance at all proceedings before the court (*People ex rel. Lobell v McDonnell,* 296 NY 109). There has been no showing by the prosecution that bail in excess of $4,500 is

---

[*] The absence of a codefendant should not be a factor in setting bail unless a defendant has assisted the codefendant in bail jumping (*see, People ex rel. Gugino v Braun,* 58 AD2d 738). Nor may the bail status of a codefendant be used by a habeas corpus court (*People ex rel. Taylor v Meloni,* 96 AD2d 1149).

required, whereas petitioner has demonstrated that she will appear upon bail in that amount. We therefore hold that the judgment should be reversed and bail in the amount of $4,500 cash or surety bond be set (*see, People ex rel. Zinzow v Harkness,* 48 AD2d 746).

Judgment reversed, on the law, with costs, and writ sustained to the extent that bail in the amount of $10,000 is vacated and set in the amount of $4,500 cash or surety bond. Mahoney, P. J., Kane, Casey, Weiss & Levine, JJ., concur.