THE PEOPLE OF THE STATE OF NEW YORK ex rel. JUDD RYAN, on Behalf of JAMES INGRAM, Appellant, v WARDEN, NEW YORK CITY HOUSE OF DETENTION FOR MEN, RIKERS ISLAND, Respondent.

First Department, November 19, 1985

### APPEARANCES OF COUNSEL

*Michele Maxian (Steven G. Asin* and *Judd Ryan* with her on the brief; *Caesar D. Cirigliano,* attorney), for appellant.

*Deborah L. Morse* of counsel *(Norman Barclay* with her on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for respondent.

### OPINION OF THE COURT

ASCH, J.

Petitioner Ingram was arrested in New York County on March 10, 1985, and arraigned in New York Criminal Court the next day charged, *inter alia,* with assault in the second degree. Bail was set, was posted and petitioner released. He appeared in the Criminal Court on the next adjourned date, March 15, when the matter was further adjourned, and was

continued on release status. Petitioner was indicted and arraignment scheduled for April 16, 1985. However, petitioner was arrested again on April 13, 1985, in New York County, on new, unrelated charges and arraigned in the Criminal Court on April 15, charged, *inter alia,* with robbery in the first degree. Bail was set in the amount of $7,500 bond or cash and subsequently an indictment was filed on the new charges. Petitioner's $1,500 bail posted on the first case was revoked and he was ordered remanded without bail by Criminal Term.

After issuance of the instant writ of habeas corpus, the matter was referred forthwith for a hearing pursuant to CPL 530.60 (2) (a). This hearing was immediately held and consisted of the court's in camera inspection of the Grand Jury minutes relating to the second arrest, which were admitted into evidence as People's exhibit No. 1 and which were the sole basis upon which petitioner was continued on remand without bail. The court denied the defense counsel's requests to examine these minutes. Subsequently, the Supreme Court, New York County, dismissed the writ after being informed that a "hearing" pursuant to CPL 530.60 (2) (a) had been held.

In this case of first impression, no challenge is made to the constitutionality of CPL 530.60 (2) (a), which has been termed a possible "harbinger" of the preventive detention concept *(see,* Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 530.60, p 98). Accordingly, we do not deal with this issue. However, we are called upon to make a determination as to whether the mandate of CPL 530.60 (2) (a) was complied with by the bail revocation hearing court's in camera review of the Grand Jury minutes. We conclude that it was not and consequently we reverse the dismissal of the writ of habeas corpus and remand for a new hearing pursuant to CPL 530.60 (2) (a).

Petitioner's remand without bail was, concededly, based solely upon his arrest for a new charge as provided for in CPL 530.60 (2) (a) and not on any finding that there was a likelihood he might not return to court *(see,* CPL 530.60 [1]).

CPL 530.60 (2) (a) provides: "2. (a) Whenever in the course of a criminal action or proceeding a defendant charged with the commission of a felony is at liberty as a result of an order of recognizance or bail issued pursuant to this article it shall be grounds for revoking such order that the court finds reasonable cause to believe the defendant committed one or more specified class A or violent felony offenses while at

liberty. Before revoking an order of recognizance or bail pursuant to this subdivision, the court must hold a hearing and shall receive any relevant, admissible evidence not legally privileged. The defendant may cross-examine witnesses and may present relevant, admissible evidence on his own behalf. Such hearing may be consolidated with, and conducted at the same time as, a felony hearing conducted pursuant to article one hundred eighty of this chapter. A transcript of testimony taken before the grand jury upon presentation of the subsequent offense shall be admissible as evidence during the hearing. The district attorney may move to introduce grand jury testimony of a witness in lieu of that witness' appearance at the hearing."

CPL 530.60 (2) (a) authorizes a court in its discretion to revoke bail when it "finds reasonable cause to believe the defendant committed one or more specified class A or violent felony offenses while at liberty." However, the statute requires that before revocation upon this specified factual finding the court must hold a hearing at which the accused has the right to confront witnesses and present evidence in his own behalf.

Judge Bellacosa writes: "Reflecting a careful balance of the rights of the defendant and the objective of this amendment, a pre-revocation hearing is required at which the court may consider any mitigating or otherwise relevant factors which tend to establish whether remand is appropriate. A relevant factor should include whatever factual support either side can muster on the question of whether defendant is likely or not to appear. Defendant must be permitted to cross-examine witnesses and present evidence." (Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 530.60, p 98.)

By not allowing petitioner's counsel to examine the only evidence admitted at the hearing, the hearing court negated CPL 530.60's mandate that the accused be permitted to confront the evidence against him and offer evidence in his own behalf. Without the right to examine the minutes submitted, petitioner was unable to challenge their sufficiency, authenticity or accuracy or the admissibility of the evidence contained therein. Moreover, since petitioner was not informed of the evidence against him, he was unable to intelligently decide whether to present evidence in his own behalf, what that evidence should be, or what he should or could offer in mitigation as provided for in the statute.

CPL 530.60 (2) (a), while not expressly providing for disclosure of Grand Jury minutes, tacitly allows such disclosure by specifically providing for their introduction into evidence in lieu of testimony, as opposed to their in camera submission to the court. It is axiomatic that that which is introduced into evidence must be made available to the parties to the litigation.

Moreover, CPL 190.25 (4) permits a District Attorney to reveal the minutes in "lawful discharge of his duties or upon written order of the court". CPL 530.60 (2) (a) by providing for the introduction of the minutes into evidence in lieu of the witness' actual testimony makes the disclosure of the minutes pursuant to this statute a lawful exercise of the District Attorney's duty. Additionally, the court's acceptance of the minutes in lieu of a witness' appearance constitutes an "order of the court" to reveal the minutes.

In *Kent v United States* (383 US 541), a Juvenile Court Judge denied a juvenile's counsel access to the juvenile's confidential Social Service records which the court had used in making its determination to waive jurisdiction of the juvenile to the District Court. The Supreme Court held that the Court of Appeals erroneously denied defense counsel the opportunity to examine the records in order to " 'challenge them, presumably in a manner akin to cross-examination.' " *(Kent v United States,* 383 US, at p 560.) The Supreme Court held that material submitted to a court must be subjected to "examination, criticism and refutation" and that a hearing Judge "may not, for purposes of a decision on waiver, receive and rely upon secret information, whether emanating from his staff or otherwise." *(Kent v United States,* 383 US, at p 563.)

These same principles apply in the case at bar. The hearing court was charged with making a crucial factual determination. In making that determination, the court relied *solely* upon the transcript of Grand Jury proceedings. Nevertheless, the court did not reveal the contents of that transcript to counsel and refused to permit petitioner to examine, criticize or refute the evidence submitted against him. Therefore, the hearing for revocation of bail was not conducted pursuant to the mandate of CPL 530.60 (2) (a).

Accordingly, the judgment of the Supreme Court, New York County (Brenda Soloff, J.), entered on July 15, 1985, which dismissed petitioner-appellant James Ingram's petition for a writ of habeas corpus, should be reversed, on the law, without

costs, and the petition granted to the extent of remanding for a hearing pursuant to CPL 530.60 (2) (a).

MURPHY, P. J., SANDLER, BLOOM and ELLERIN, JJ., concur.

Judgment, Supreme Court, New York County, entered on July 15, 1985, unanimously reversed, on the law, without costs and without disbursements, and the petition granted to the extent of remanding for a hearing pursuant to CPL 530.60 (2) (a).