■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES BENTON, by LEONARD M. WEINTRAUB, Attorney, Appellant, v WARDEN, NEW YORK CITY HOUSE OF DETENTION FOR MEN, Respondent.—Judgment of the Supreme Court, New York County (Robert M. Haft, J.), entered January 21, 1986, dismissing petitioner Charles Benton's writ of habeas corpus which sought a reduction in bail previously set at $25,000, unanimously reversed, on the law, without costs, to grant the writ and reduce petitioner's bail to $10,000 in cash or surety bond.

Petitioner Charles Benton was arrested on August 12, 1985 and charged with criminal possession of stolen property. The following day he was arraigned and released on his own recognizance. Thereafter, he appeared at Criminal Court whenever required to do so. On November 8, 1985, the New York County Grand Jury handed down a 15-count indictment against petitioner charging him with nine counts of criminal possession of stolen property in the first degree (Penal Law § 165.50) and six counts of criminal possession of stolen property in the second degree (Penal Law § 164.45 [1]). More than two weeks later, on November 25, petitioner, fully cognizant of the charges against him, appeared before Justice Rothwax for arraignment. It was brought to Justice Rothwax's attention that petitioner, aged 63, has been married 42 years, has one child and two grandchildren, owns a house in The Bronx where he has lived for 20 years, is employed, and has never missed a court appearance. The District Attorney recommended that bail be set at $10,000.

The court was apparently well acquainted with petitioner from a prior case in which he was convicted of receiving stolen property and was sentenced to six months' imprison-

ment and a probationary term set to expire in 1988. The court noted that, in its view, the case against petitioner was overwhelming and that even if petitioner were convicted on only one of the counts charged, a mandatory State prison sentence would result, possibly running consecutively to petitioner's sentence for violation of parole. Bail was set at $25,000 despite the plea of petitioner's counsel that it be more modestly fixed since there was no possibility that petitioner could raise such a sum. Petitioner moved on January 13, 1986 for a reduction of bail, indicating that bail of $10,000 might possibly be met, but was denied the requested relief for the reasons previously stated. The present writ of habeas corpus was signed by Justice Sandifer on January 16, 1986 and returned on January 21, 1986. At that time it was denied by Justice Haft, who found no abuse of discretion in Justice Rothwax's decision to set bail at $25,000.

The factors which must guide the court's exercise of discretion in setting bail are set forth at CPL 510.30 (2) (a). Insofar as is here relevant they include:

"(i) The principal's character, reputation, habits and mental condition;

"(ii) His employment and financial resources; and

"(iii) His family ties and the length of his residence if any in the community; and

"(iv) His criminal record if any; and * * *

"(vi) His previous record if any in responding to court appearances when required or with respect to flight to avoid criminal prosecution; and

"(vii) If he is a defendant, the weight of the evidence against him in the pending criminal action and any other factor indicating probability or improbability of conviction * * * and

"(viii) If he is a defendant, the sentence which may be * * * imposed upon conviction."

Although Justice Rothwax properly noted petitioner's criminal record (cl [iv]), the strength of the case against petitioner (cl [vii]), and the possible sentence upon conviction (cl [viii]), there is little if any indication that the other factors whose consideration is mandated by statute figured in his determination. Notably absent from the court's rationale for the $25,000 bail is any recognition of petitioner's long-standing familial ties, or of his 20 years' residence at his current address (cl [iii]). But what is most wanting is any acknowledgment by the court of the uncontroverted fact that petitioner has never failed to make a court appearance (cl [vi]) and that he ap-

peared for arraignment with full knowledge of the charges against him, having had ample opportunity to flee the jurisdiction while released on his own recognizance.

The court's failure to give due consideration to petitioner's demonstrated reliability in attending court seems to reflect a larger disregard of the ultimate purpose of bail. The presumption of innocence accorded every criminal defendant militates strongly against incarceration in advance of a determination as to guilt. For this reason, bail may not be set in an amount greater than necessary to ensure court attendance. *(People ex rel. Lobell v McDonnell,* 296 NY 109, 111 [1947].) The seriousness of the crime charged and severity of the possible punishment are, of course, relevant considerations, but only to the extent that they demonstrate a defendant's propensity to flee. The statute is clear in this regard when it commands that "the court must consider *the kind and degree of control or restriction that is necessary to secure his court attendance".* (CPL 510.30 [2] [a]; emphasis added.) The nature of the case against the defendant and possible punishment are only some of the numerous factors to be weighed in making the ultimate determination required by CPL 510.30 (2) (a).

In view of the fact that the court's determination as to the amount of petitioner's bail seems to have been based exclusively on its conviction that petitioner would be found guilty of serious crimes entailing a lengthy term of imprisonment, and that there was no discernable attempt to assess whether petitioner's presence in court would accordingly be rendered uncertain (a conclusion that must be considered improbable in light of petitioner's unblemished record of court attendance), we find that the court's action in setting bail at $25,000 constituted an abuse of discretion. The record fully supports the conclusion that setting bail in the amount of $10,000 as originally suggested by the District Attorney is all that is necessary to secure petitioner's presence in court. We accordingly reverse to reduce petitioner's bail to $10,000 cash or surety bond. *(See, People ex rel. Ryan v Infante,* 108 AD2d 987, 988-989 [3d Dept 1985].) Concur—Murphy, P. J., Sullivan, Carro, Rosenberger and Ellerin, JJ.