*1016 OPINION OF THE COURT
Gloria Cohen Aronin, J.
The People made a motion pursuant to CPL 530.60 to revoke the defendant’s bail.
The defendant is at liberty on $25,000 bail in a case for which he was indicted for the felonies of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, assault in the first degree, assault in the second degree and reckless endangerment in the first degree.
The People’s motion is based on allegations in the Assistant District Attorney’s affirmation that the defendant, while out on bail, assaulted two women in two separate incidents.
The relevant statute (CPL 530.60) provides:
"2. (a) Whenever in the course of a criminal action or proceeding a defendant charged with the commission of a felony is at liberty as a result of an order of recognizance or bail issued pursuant to this article it shall be grounds for revoking such order that the court finds reasonable cause to believe the defendant committed one or more specified class A or violent felony offenses while at liberty. Before revoking an order of recognizance or bail pursuant to this subdivision, the court must hold a hearing and shall receive any relevant, admissible evidence not legally privileged. The defendant may cross-examine witnesses and may present relevant, admissible evidence on his own behalf. Such hearing may be consolidated with, and conducted at the same time as, a felony hearing conducted pursuant to article one hundred eighty of this chapter. A transcript of testimony taken before the grand jury upon presentation of the subsequent offense shall be admissible as evidence during the hearing. The district attorney may move to introduce grand jury testimony of a witness in lieu of that witness’ appearance at the hearing.
"(b) Revocation of an order of recognizance or bail and commitment pursuant to this subdivision shall be for the following periods, either:
"(i) For a period not to exceed ninety days exclusive of any periods of adjournment requested by the defendant; or
"(ii) Until the charges contained within the accusatory instrument have been reduced or dismissed such that no count remains which charges the defendant with commission of a felony; or
*1017 "(iii) Until reduction or dismissal of the charges contained within the accusatory instrument charging the subsequent offense such that no count remains which charges the defendant with commission of a class A or violent felony offense.
"Upon expiration of any of the three periods specified within this paragraph, whichever is shortest, the court may grant or deny release upon an order of bail or recognizance in accordance with the provisions of this article. Upon conviction to an offense the provisions of article five hundred thirty of this chapter shall apply.”
The legislative intent of this statute appears to have been to provide for some limited preventive detention which would survive a constitutional test. (Bellacosa, Practice Commentary, McKinney’s Cons Law of NY, Book 11 A, CPL 530.60, p 97.) The statute contains a very limited revocation of bail procedure applicable under only certain specified circumstances. The remand provisions should be applied cautiously in furtherance of the legislative intent.
Under the provisions of paragraph (a) of subdivision (2), the "court must hold a hearing and shall receive any relevant, admissible evidence not legally privileged.” Thus, no hearsay evidence would be admissible on the required hearing and certainly, the People could not obtain relief based only on hearsay allegations in an affirmation. The People produced no witnesses for the hearing and relied solely on the allegations in the affirmation of the Assistant District Attorney. Pursuant to the statute, the motion must be denied under these conditions.
In the case at bar, the defendant has not been indicted on either of the two alleged incidents nor in fact have complaints been filed against him. The requirements of the statutory provision authorizing the court to revoke a bail order if the court has "reasonable cause to believe the defendant committed one or more specified class A or violent felony offenses” have not been met. Paragraph (b) of subdivision (2) of the statute sets forth the period of time for which bail can be revoked pursuant to the terms of the section. It sets forth three periods, the expiration of the shortest of which would end the revocation. They are 90 days; until the charges in the accusatory instrument have been reduced or dismissed so that no count remains which charges the defendant with commission of a felony; or until reduction or dismissal of the charges contained within the accusatory instrument leaves no count *1018 remaining which charges the defendant with commission of a class A or violent felony.
Since no charges have been brought against this defendant of any sort charging him with a felony or any other crime with regard to the incidents alleged by the People, clearly, this section was not intended to apply to this situation. Since the revocation of bail could only last until there are no felony charges or class A or violent felony charges against the defendant, such revocation could not exist at all since no such charges were ever made.
CPL 530.60 contains no provision for revocation of bail because a defendant is a danger to the community, as provided in the Federal Bail Reform Act of 1984. The constitutional survival of the latter provision is highly in doubt since the decision in United States v Melendez-Carrion (790 F2d 984 [2d Cir 1986]) holding that specific section of the Federal Bail Reform Act to be violative of the due process clause of the United States Constitution in that it punishes men for "what they may do” and not only for past crimes (see also, People v Saulnier, 129 Misc 2d 151 [Sup Ct, NY County 1985]). Under the United States v Melendez-Carrion decision (supra), preventive detention must be unconstitutional if its purpose is punitive rather than regulatory. Remand of competent adults based on "danger to the community” is, the United States Court of Appeals said, punitive. If the criteria of the Melendez-Carrion case were applied to this statute, the court’s determination of its purpose would determine its constitutionality.
A careful reading of the language of CPL 530.60 does not reveal whether the purpose of this remand provision is to insure future attendance in court of a defendant, which would be regulatory, or to remand the defendant to prevent possible future acts against society, which would be punitive. It would appear that the requirements of the statute that charges of a new crime be pending support the interpretation that the purpose of the statute is to secure defendant’s attendance rather than to punish him.
In the case before the court, there is no allegation of witness tampering, as there was in People v Saulnier (supra) and People v Torres (112 Misc 2d 145 [Sup Ct, NY County 1981]). The two women alleged to have been victimized by the defendant have no connection whatever with the pending case. This court does not reject the holding in People v Torres (supra) as did the court in People v Saulnier (supra) that CPL 530.60 *1019 does not replace or remove the inherent rights of the court to remand a defendant for reasons other than those specified in the statute. Neither the United States Constitution nor the New York State Constitution gives defendants an absolute right to bail; they simply prevent excessive bail (US Const 8th Amend; NY Const, art I, § 5 [New York State law mandates bail in some circumstances]). Thus, in a case where a witness is threatened or assaulted, the court may have a common-law right to remand a defendant and revoke his bail in order to preserve the safety of the witnesses and a fair trial. Such an inherent right of the court would not be eliminated by the provisions of CPL 530.60. In the case at bar, the inherent right of the court to remand a defendant does not arise as the result of witness tampering or any other reason and the court is obliged to proceed pursuant to the statute.
The court has considered the possibility of increasing defendant’s bail although the People’s application was directed solely to remand. CPL 510.30 sets forth the criteria to be considered in determining the amount of bail to be set to secure a defendant’s court attendance. One of these criteria is the sentence which may be imposed upon conviction of the defendant. If the defendant herein had been indicted or charged with other crimes, it would be appropriate for this court to increase defendant’s bail since he would be facing a greater sentence and, since such crimes would have been alleged to have been committed by the defendant while out on bail, consecutive sentences would be imposed for the separate crimes. (Penal Law § 70.25 [2-b].) However, no such charges have been brought against the defendant, and there is no other change of circumstances warranting an increase in bail (People ex rel. Meyer v Commissioner of Dept. of Correction of City of N. Y, 119 AD2d 472 [1st Dept 1986]).
For all of the above reasons, the motion of the People to revoke defendant’s bail and remand him is denied.