OPINION OF THE COURT
F. Warren Travers, J.
This matter was commenced by defendant’s attorney by petition for a writ of habeas corpus. Defendant has been *1086 detained in the Rensselaer County Jail and is charged with rape in the first degree and burglary in the second degree. Defendant, after arraignment in the local criminal court, appeared in County Court upon a writ of habeas corpus on April 3, 1987, where bail was set at $10,000. The court also ordered as a condition of release on bail that petitioner undergo a blood test to confirm to the court that petitioner is not a carrier or infected with the virus associated with acquired immune deficiency syndrome, more commonly known as "AIDS”. On April 6, 1987, after a bail hearing, the County Court reduced the amount of bail to $2,500, but continued the condition of a negative AIDS test. This proceeding challenges the condition of a negative AIDS test imposed by County Court prior to release on bail.
Such an order may properly be reviewed in a habeas corpus proceeding where it appears that either constitutional or statutory standards proscribing excessive bail have been violated (CPLR 7010; People v Wolcott, 111 AD2d 943 [3d Dept]). The factors which must guide the court’s exercise of discretion in setting bail are set forth at CPL 510.30 (see also, People ex rel. Benton v Warden, 118 AD2d 443). The presumption of innocence accorded every criminal defendant militates strongly against incarceration in advance of a determination as to guilt. The County Court here has effectively denied bail to the petitioner by requiring a negative AIDS test as a condition to release on bail.
The standards set forth in CPL 510.30 do not contain any requirement of a negative AIDS test as a condition of release upon bail. It may be the Legislature should address the issue of AIDS testing upon arrest for certain crimes for the benefit of the victim as well as the accused. That is a policy decision for the Legislature to make and not the courts. AIDS is certainly a serious worldwide health danger to all people and not something that can be ignored. The court finds it was improper and an abuse of discretion pursuant to CPLR 7010 (b) to impose a condition of a negative AIDS test prior to release on bail (People ex rel. Ryan v Infante, 108 AD2d 987).
The court must, pursuant to CPLR 7010 (b), turn its attention to the question of release on bail after finding that the County Court has, by its conditions, effectively denied bail. This court upon consideration of all the papers, oral argu *1087 ment, the principal’s character, reputation, employment status, family ties, length of residence, criminal record, the weight of the evidence against him, and the potential sentence which may be imposed upon conviction, determines that bail in the sum of $10,000 is appropriate.