OPINION OF THE COURT
Donald J. Mark, J.
This is an application by the People to revoke the defendant’s bail with a summary hearing pursuant to CPL 530.60 (1); the defendant resists, claiming this application is actually pursuant to subdivision (2) (a) of the same section, which subdivision entitles him to a formal hearing.
*419 The defendant was first charged with the crimes of burglary in the first degree, assault in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and was released on bail. While these matters were pending on the Trial Calendar, the defendant was allegedly involved in a shoot-out with police officers. As a consequence of this incident, the defendant is now charged with the crimes of attempted aggravated assault upon a police officer, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.
CPL 530.60 (1) provides in pertinent part that the court "for good cause shown, may revoke the order of recognizance or bail.” Subdivision (2) (a) provides in pertinent part that the court may revoke the order of recognizance or bail if it "finds reasonable cause to believe the defendant committed one or more * * * violent felony offenses”, and that "[b]efore revoking an order of recognizance or bail * * * the court must hold a hearing”.
While the additional punishment resulting from a violent felony conviction as the consequence of a second offense could logically equate with the "good cause” required under subdivision (1) to alter a bail status, and equally comport with the requirement of subdivision (2) (a) to accomplish the same purpose, the distinction is not quite that blurred.
Preiser, Practice Commentaries (McKinney’s Cons Laws of NY, Book 11 A, CPL 530.60, at 112) makes such distinction in this terminology: "Review and revocation of an order of recognizance or bail under subdivision one would have to be based upon some factor * * * that has a material bearing upon the probability of defendant’s future attendance (as outlined in CPL§ 510.30 [2(a)]) * * * the defendant is entitled to at least a summary hearing (* * * cf., People v. Outley, 1993, 80 N.Y.2d 702, 594 N.Y.S.2d 683, 610 N.E.2d 356)”. (Emphasis added.)
People ex rel. Benton v Warden (118 AD2d 443) and People ex rel. Ortiz v Commissioner of Corrections of City of N. Y. (76 AD2d 818), although the second offense in each case was not a violent felony, support the position advanced by the Practice Commentaries.
In People ex rel. Benton v Warden (supra), the defendant was arraigned on a charge of criminal possession of stolen property, released on his own recognizance and appeared whenever required to do so; approximately three months later he was charged with 15 counts of criminal possession of stolen property, and the trial court set bail at $25,000. The appellate court *420 reduced the bail to $10,000 because the defendant had never missed a court appearance, was aged 63, had been married for 42 years, had one child and two grandchildren, owned a house where he had lived for 20 years and was employed, despite the fact that possible convictions could entail a lengthy term of imprisonment.
People ex rel. Ortiz v Commissioner of Corrections of City of N. Y. (supra) was a case where the defendant was arrested for possessing one ounce of cocaine and was released on his own recognizance; subsequently he was rearrested for selling in excess of four ounces of cocaine; bail was fixed at $5,000 on the new charges, but at arraignment that bail was revoked and the defendant was remanded without bail. The appellate court found no abuse of discretion by the trial court, holding that it properly weighed the defendant’s criminal record, the probability of conviction and the sentence facing the defendant, but that the statute does not provide for automatic forfeiture of bail when a defendant is charged with additional crimes.
Thus, all the authorities are in accord that the facts that affect a subdivision (1) predicate may include a subdivision (2) (a) situation, but that an alteration of bail status under subdivision (1) cannot be based exclusively upon an allegation that the defendant’s second offense was a violent felony per subdivision (2) (a).
People v Mohammed (171 Misc 2d 130), while not exactly on point, demonstrates the two concepts embraced in the Commentaries, viz., that a change in bail status evoked by a subdivision (1) situation should entail a summary hearing and should consider the factors enumerated in CPL 510.30 (2) (a). There, after both counsel argued their respective positions, the court considered the following factors: defendant’s prior criminal history; defendant’s probationary status; proximity of time between defendant’s alleged sale of narcotics and his arrest; the seizure and recovery of buy money from the defendant; another arrest with no disposition reported; a prior felony conviction; defendant’s record of prior court appearances; defendant’s employment status; previous and present plea offers; possibility of flight; previous bench warrant history; strength/weakness of prosecution’s case; possibility of conviction; and sentencing guidelines.
However, as has been discussed, the filing of additional felony charges against a defendant who has been released previously upon the first filed felony charges is not a per se ground for a change of bail status under subdivision (1). Therefore, since the *421 People have applied for a revocation of the defendant’s bail solely upon the ground that he has allegedly committed one or more violent felonies following his initial release, subdivision (2) (a) comes into play, and per its explicit language, the defendant is entitled to a formal hearing (see, People ex rel. Ryan v Warden, 113 AD2d 116; People v Silvestri, 132 Misc 2d 1015).
Accordingly, pursuant to CPL 530.60 (2) (a), upon the People’s application to revoke the defendant’s bail, the defendant is entitled to a formal hearing.