*925 OPINION OF THE COURT
Timothy J. Lawliss, J.
The People have charged Brandon Snell with misapplication of property (Penal Law § 165.00) (criminal case No. RC-0221-15), which allegedly occurred on May 31, 2015, assault in the third degree (Penal Law § 120.00 [1]) (criminal case No. RC-0222-15), which allegedly occurred on October 11, 2015, and criminal trespass in the second degree (Penal Law § 140.15 [1]) (criminal case No. RC-0223-15), which allegedly occurred on October 22, 2015 (hereinafter collectively referred to as the instant charges).
Notwithstanding the fact that this court released defendant on November 23, 2015 on his own recognizance with respect to the instant charges, on November 24, 2015, defendant filed a “Notice of Request for Bail Hearing.” In support of his request, defendant submitted the affirmation of his attorney David W. Albers, Esq. dated November 24, 2015. In opposition to defendant’s request, the People submitted the affirmation of Assistant District Attorney Nicholas J. Evanovich dated November 28, 2015.
Defendant’s demand for a bail hearing is premised on the following argument. On November 23, 2015, the court set bail on unrelated criminal charges (criminal case No. RC-0220-15) (hereinafter the unrelated charges). Although not expressly stated, defense counsel implies that defendant either cannot post or does not intend to post bail for the unrelated charges. Defendant wants bail set for the instant charges so that the time he serves on the unrelated charges will count as time served on the instant charges. Defendant further contends that he has reached a plea agreement with the People regarding all the pending charges and unless defendant receives credit for time served on the instant charges, defendant will ultimately have to serve more jail time than contemplated by the agreement. This court has not made any commitment regarding sentencing with respect to any of the charges.
It is important to note that defendant is not seeking a reduction or modification of the bail set on the unrelated charge.
The purpose of bail is to ensure that defendant returns to court. (See CPL 510.30 [2] [a]; see also People ex rel. Ryan v Infante, 108 AD2d 987 [3d Dept 1985].) The purpose of bail is not to ensure that defendant receives the maximum possible credit for time served. Defendant does not have a constitutional or statutory right to have bail set on a particular charge merely *926 because defendant is incarcerated on an unrelated charge. As defendant is released on his own recognizance on the instant charges, the court denies defendant’s request for a bail hearing on the instant charges.
Accordingly, it is hereby ordered, that defendant’s notice of request for bail hearing filed on November 24, 2015 is hereby denied.