# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision
before publication in the New York Reports.

No. 4
The People &c. ex rel. Douglas G.
Rankin, on behalf of Tyrone
Waller,
      Respondent,
    v.
Cynthia Brann, &c.,
      Appellant.

Danielle M. O'Boyle, for appellant.
Arielle Reid, for respondent.
District Attorneys Association of the State of New York, amicus curiae.

GARCIA, J.:

While out on bail after his arrest for a felony, defendant was arrested three times for

additional violent felonies. The court modified his securing order by remanding defendant.

This appeal concerns the overlap between statutory provisions governing modifications to

- 1 -

securing orders under these circumstances.  We now hold that, where otherwise applicable, courts may modify a securing order when a defendant is charged with additional class A or violent felonies pursuant to either CPL 530.60 (1) or 530.60 (2) (a), but that, where the Court proceeds under CPL 530.60 (1), the record must reflect that the decision was based on the risk of flight factors and criteria in CPL 510.30.  Where, as here, the record does not demonstrate that the court's decision was based on defendant's increased risk of flight, it will be assumed that the court proceeded pursuant to CPL 530.60 (2) (a) and a failure to follow the procedural requirements of CPL 530.60 (2) (c) will be considered error.  Accordingly, because affirmative habeas relief is no longer appropriate, we reverse the judgment, modify the Appellate Division order to convert the proceeding to a declaratory judgment action, and grant judgment in accordance with this opinion.

## I.

Title P of the CPL instructs courts on pretrial management of defendants.[1]  Under CPL 510.10 (1), the court must issue a securing order for a defendant "whose future court attendance at a criminal action or proceeding is or may be required."  At the time of the proceedings relevant to this appeal, a court was required, in doing so, to "impose the least restrictive kind and degree of control or restriction that is necessary to secure the principal's return to court when required" (CPL 510.30 [1]).[2]  Courts are required to consider available

---

[1] While the statute has been amended since the relevant proceedings took place, we refer here to the statutory provisions in place at that time unless otherwise indicated.

[2] The statute currently requires a court to "consider the kind and degree of control or restriction necessary to reasonably assure the principal's return to court, and select a

"information about the principal that is relevant to the principal's return to court, including" the principal's "activities and history," "the charges facing the principal," any prior criminal conviction, any prior adjudication as a juvenile delinquent, any previous record of flight to avoid prosecution, individual financial circumstances if monetary bail is authorized and, for certain charged crimes, any violations of orders of protection or the use of a firearm (CPL 510.30 [1] [a] – [i]).[3]

Modification of securing orders is governed by CPL 530.60. Subdivision (1), which has been part of the CPL since its enactment in 1970, provides that when a defendant is released pursuant to a securing order, on whatever terms, the court may, when necessary, review the order—on the People's motion or its own initiative—and, "for good cause shown, may revoke the order of recognizance, release under non-monetary conditions, or bail" (CPL 530.60 [1]). Where "the defendant is entitled to recognizance, release under non-monetary conditions, or bail as a matter of right, the court must issue another such order" and so cannot remand the defendant; otherwise, "the court may either issue such an order or commit the defendant to the custody of the sheriff in accordance with this section" (*id.*). When issuing a new securing order pursuant to subdivision (1), the court must consider factors pertinent to the defendant's risk of flight.

---

securing order consistent with its determination" (current CPL 510.10 [1]; *see* L 2023, ch 56, § 1, part VV, § 1, subpart A, § 2).

[3] These factors are, as of the date of this opinion, now set forth in CPL 510.10 (L 2022, ch 56, § 1, part UU, subpart B, § 1).

In 1981, the legislature added subdivision (2) (a) to CPL 530.60, providing that when "a defendant charged with the commission of a felony is at liberty . . .  it shall be grounds for revoking [a securing] order that the court finds reasonable cause to believe the defendant committed one or more specified class A or violent felony offenses or intimidated a victim or witness . . . while at liberty."  This subdivision, enacted following debates regarding preventive detention, "represents a cautious, self-limiting compromise" based on a defendant's alleged commission of certain additional felonies "even if there is no reasonable correlation between the fact of the new arrest and the criteria of [former] CPL 510.30, even if it does not appreciably change the court's view of the likelihood of future appearance, and even if it does not, for any other reason, constitute 'good cause' for revocation" (*People v Torres*, 112 Misc 2d 145, 151-152 [Sup Ct, NY County 1981]). Supporters of the bill explained that "[t]he safety of the community requires that if released defendants continue to commit crimes while awaiting trial, the courts should have the option of determining that they have forfeited their opportunity for release and should be remanded" (Mem of District Attorney, New York County, Bill Jacket, L 1981, ch 788).

Procedural and evidentiary requirements were added at the same time, which mandate that "[b]efore revoking an order of recognizance, release under non-monetary conditions, or bail pursuant to this subdivision, the court must hold a hearing and shall receive any relevant, admissible evidence not legally privileged[, t]he defendant may cross-examine witnesses and may present relevant, admissible evidence on his own behalf," and a "transcript of testimony taken before the grand jury upon presentation of the subsequent offense shall be admissible as evidence" (CPL former 520.60 [2] [a], now [c]).  These new

requirements were meant to ensure that "the statute, while explicitly permitting judges to act to protect the safety of the community, will thus also serve to protect the due process rights of the accused" (Mem of District Attorney, New York County, Bill Jacket, L 1981, ch 788).  Subject to these procedural safeguards, subdivision (2) provided courts with a separate avenue for detaining certain defendants initially facing a felony charge who committed class A or violent felonies while released on a securing order (*see Torres*, 112 Misc 2d at 152 [as a result of the enactment of this provision, rearrest could now "automatically trigger the discretionary power to revoke bail or parole," but because that new authority "mark(ed) a departure from traditional practice and because it (wa)s so potentially subject to abuse, it was expressly limited to only those cases where one already charged with a serious crime is rearrested for another"]).

In 2019, the legislature enacted comprehensive bail reform legislation, which in large part eliminated cash bail and specified a set of crimes for which such bail may be set (L 2019, ch 59, § 1, part JJJ, § 2; *see* CPL 510.10 [4]; CPL 530.20 [b]).  For all other crimes, the defendant "shall" be released pending trial on defendant's own recognizance or under non-monetary conditions "unless the court finds on the record or in writing that release on the principal's own recognizance will not reasonably assure the principal's return to court" (CPL 510.10 [3]; *see People v Portoreal*, 66 Misc 3d 497, 501 [Sup Ct, Bronx County 2019]).  Subdivision (2) (b) was added to CPL 530.60, providing "a revocation mechanism for chronically absent defendants, defendants who intimidate or tamper with witnesses or violate orders of protection, and chronic felons" (*People v Fuhrtz*, 74 Misc 3d 831, 835 [Sup Ct, NY County 2022]; *see* L 2019, ch 59, § 1, part JJJ, § 20).

The enhanced procedural requirements also apply to modifications made under subdivision (2) (b) (CPL 520.60 [2] [c]).  Amendments to subdivision (1) were largely nonsubstantive, with the most significant change being the addition of express language providing that a securing order may come under review either "due to a motion by the people or otherwise" (*see* L 2019, ch 59, part JJJ, § 20).

## II.

We now turn to the application of that statutory framework in this case.  Defendant was arrested in September 2020 and charged with several felony and misdemeanor offenses, including second-degree criminal possession of a weapon, a class C felony and a qualifying offense (*see* Penal Law § 265.03; CPL 510.10 [4]). The court set bail and defendant was released the next day.  Over the course of the next several months, defendant was arrested three times for additional violent felony offenses.

The People sought revocation of defendant's bail on the initial indictment and, proceeding under CPL 530.60 (1), asserted that remand was appropriate on the grounds that defendant had allegedly committed additional felonies.  Defense counsel argued that the court needed to conduct an evidentiary hearing as required by CPL 530.60 (2) (c).  The court rejected defense counsel's request, determined that CPL 530.60 (1) applied, listed defendant's "activities and history," "prior contacts," "criminal record" of misdemeanors, and parole violation, held that "the least restrictive means to ensure the defendant's return to court . . . is remand," and cited the additional indictment as "good cause for the application here."

Defendant's counsel then commenced this habeas proceeding before the Appellate Division seeking defendant's release. That court granted the writ to the extent of remitting the case to Supreme Court to conduct a CPL 530.60 (2) (c) evidentiary hearing and otherwise dismissed the writ (201 AD3d 675 [2d Dept 2022]). The court explained that "where the sole basis for modification of the securing order is the principal's subsequent arrests and alleged commission of subsequent crimes, . . . the Supreme Court should have considered the People's application under CPL 530.60 (2) (a) and held the hearing required by CPL 530.60 (2) (c)" (*id.* at 678). Following this ruling, the People submitted transcripts of the grand jury testimony from one of the subsequent violent felony arrests pursuant to CPL 530.60 (2) (c) and the court continued defendant's remand. Defendant went to trial on the initial indictment and was convicted of several counts of criminal possession of a weapon.[4]

III.

We agree with the Appellate Division that a court modifying a defendant's securing order on the sole basis that he was arrested and accused of committing subsequent specified or violent felonies must follow the CPL 530.60 (2) (c) procedures and make the required reasonable cause determination. But CPL 530.60 (2) (a) is not the only available

---

[4] The court's order remanding defendant in accordance with the procedures in CPL 530.60 (2) (c) rendered this appeal moot. The parties agree that defendant is no longer entitled to habeas relief. Because this appeal involves a novel issue that is likely to recur and will typically evade our review, however, we convert the proceeding to a declaratory judgment action and apply the mootness exception to resolve this open issue (*see People ex rel. McManus v Horn*, 18 NY3d 660, 664 & n 2 [2012]).

mechanism for revoking a defendant's bail. Where a defendant is initially charged with a qualifying felony offense, released on bail, and subsequently accused of committing additional violent felonies, the securing order may be modified by means of the provisions of either CPL 530.60 (1) or (2) (a). If a defendant's charged crimes render a case otherwise eligible under either subdivision, no one approach is exclusive—nothing in subdivision (2) (a) limits the court's ability to modify a defendant's bail under subdivision (1).[5] The People may make a modification application, or the court on its own initiative may order such a modification, under either subdivision. Both avenues are available, but the record must support the course charted.

It is important in this context to note that a court may consider circumstances beyond

Under subdivision (1), a court may hold a summary hearing and consider the relevant factors to assess defendant's risk of flight and how the alleged additional crimes, now considered along with the factors underlying the initial determination, have changed the court's assessment of the "kind and degree of control or restriction that is necessary to secure the principal's return to court." The record must reflect consideration of the factors expressly listed in the CPL as well as "available information . . . relevant to the principal's return to court," and a determination of how the risk factors apply to defendant's case (*see* CPL former 510.30 [1] [a]-[h], now 510.10 [a]-[j]).

It is important in this context to note that a court may consider circumstances beyond those factors delineated in the statute if relevant to risk of flight. Before the 2019

---

[5] By contrast, CPL 530.60 (2) (b) applies to a defendant's conduct while at liberty under a securing order "[e]xcept as provided in" CPL 530.60 (2) (a).

amendments, former CPL 510.30 limited a court's consideration of defendant's risk of flight to only those subjects listed in the statute. The 2019 amendments altered the statute to provide expansive language, adding that the court must consider and take into account available "information about the principal that is relevant to the principal's return to court," added the word "including" before the list of factors, and removed express mention of the following factors: "[t]he principal's character, reputation, habits and mental condition;" "employment and financial resources," "family ties and the length of his residence if any in the community," "the weight of the evidence against him . . . and any other factor indicating probability or improbability of conviction," and "the sentence which may be or has been imposed upon conviction" (L 2019, ch 59, § 1, part JJJ, § 2; *see* former CPL 510.30 [2] [a] [i]-[ix]). The additional element now requiring courts to consider "the charges facing the principal" may encompass some of the same considerations as the omitted factors, such as the potential sentence facing defendant (*see* former CPL 510.30 [1] [b]). In any event, where relevant to a defendant's likelihood of returning to court, the court may now consider the previously listed factors as part of "available information . . . relevant to the principal's return to court" (*see e.g. Portoreal*, 66 Misc 3d at 505-508 ["(V)iewing the statute as a whole and with a view toward realizing its central purpose of reducing unnecessary pre-trial incarceration, the list of bail factors set out in (CPL 510.30 [1]) is *not* exclusive, and . . . the court remains free to consider *all* information relevant to assuring defendant's return to court"] [emphasis in original]).

Using this broad array of available information to assess a defendant's likelihood of returning to court, a judge may decide to modify a defendant's bail after the alleged

commission of additional eligible felonies. Where a court comes to that conclusion, it must make clear on the record that its decision is based on consideration of these factors as applied to the defendant's circumstances, and not on the mere allegation that the defendant committed additional felonies (*see e.g. People v McCullough*, 174 Misc 2d 418, 420 [Sup Ct, Monroe County 1997] [While "the facts that affect a subdivision (1) predicate may include a subdivision (2) (a) situation, . . . an alteration of bail status under subdivision (1) cannot be based exclusively upon an allegation that the defendant's second offense was a violent felony per subdivision (2) (a)"]).

A court also has the option to proceed under subdivision (2) (a) and consider whether, after receiving evidence in compliance with the subdivision (2) (c) procedural safeguards, there is reasonable cause to believe the additional crimes have been committed such that defendant poses a danger to the community requiring remand. This provision serves to provide the court with information relevant to the reasonable cause determination, and the risk of flight factors have no relevance here. Where a court modifies a securing order on that reasonable cause finding, and so determines that a defendant poses a danger to the community, the court must ensure that the procedural requirements of subdivision (2) (c) are followed (*see e.g. People ex rel. Ryan v Warden*, 113 AD2d 116, 117 [1st Dept 1985] [subdivision (2) (c) hearing required where "(p)etitioner's remand without bail was, concededly, based solely upon his arrest for a new charge as provided for in CPL 530.60 (2) (a) and not on any finding that there was a likelihood he might not return to court (under) CPL 530.60 (1)"]). These prerequisites—a hearing with relevant, admissible evidence and the cross-examination of witnesses, or the submission of grand jury testimony transcripts—

are designed to provide the court with a basis for a reasonable cause determination and to ensure that a defendant receives due process. While the procedural prerequisites provide for a more formal hearing with witness testimony, they also provide the People with the option, as they did upon remittal here, to submit transcripts of grand jury testimony—a streamlined approach that may provide the support needed for a reasonable cause finding.

Courts accordingly may modify a defendant's securing order, where otherwise eligible, under either subdivision (1), after examining the risk of flight factors, or under subdivision (2) (a), after assessing whether there is reasonable cause to believe defendant committed the additional offense. Nor is the court bound by the grounds asserted in the People's application. However where, as here, the record does not sufficiently demonstrate that the modification is based on factors informing the defendant's likelihood of returning to court, the determination will be presumed to rest upon the fact of the subsequent arrest and the danger defendant poses to the community, and failure to follow the procedural requirements of subdivision (2) (c) will be considered error.

Accordingly, the judgment of the Appellate Division should be reversed, without costs, the habeas corpus proceeding converted into a declaratory judgment action, and judgment granted in accordance with this opinion.

Judgment reversed, without costs, habeas corpus proceeding converted into a declaratory judgment action, and judgment granted in accordance with the opinion herein. Opinion by Judge Garcia. Chief Judge Wilson and Judges Rivera, Singas, Cannataro, Troutman and Halligan concur.

Decided February 20, 2024